Dow v. Updike.

SIMON S. DOW, PLAINTIFF IN ERROR, V. UPDIKE BROTH-
ERS, DEFENDANTS IN ERROR.

Promissory Notes: ATTORNEY'S FEE. A stipulation in a prom-
issory note to pay a reasonable attorney's fee for instituting and
prosecuting a suit on the note, in addition to legal interest, is
unauthorized by law and void.

ERROR to the district court of Adams county. Tried
below before GASLIN, J.

*A. T. Ash*, for plaintiff in error. No brief on file.

*Batty & Ragan*, for defendants in error, cited *Wiley
v. Starbuck*, 44 Ind., 298. *Billingsley v. Dean*, 11 Ind.,
331. *Sperry v. Horr*, 32 Iowa, 184.

MAXWELL, CH. J.

The plaintiff brought an action in the district court
of Adams county upon a promissory note, of which
the following is a copy:

"$250.00.        HASTINGS, NEB., July 20th, 1879.

"One hundred days after date, for value received, I
promise to pay to the order of Updike Brothers two
hundred dollars, together with interest thereon at the
rate of ten per cent per annum from date till paid,
and if I fail to pay this note or any part thereof when
due, I promise to pay the holder thereof, in addition
to the above named amount mentioned in this note,
and at its maturity, a reasonable attorney's fee for in-
stituting and prosecuting to judgment a suit on this
note.

"SIMON S. DOW."

The second count of the petition sets forth the con-
tract to pay attorney's fees, and alleges that the sum
of $25 is a reasonable fee. To this count a demurrer

was interposed, which was overruled and judgment rendered for the face of the note and interest, and $25 attorney's fee. The defendant brings the cause into this court by petition in error.

Sec. 5 of the act to amend chapter 34, General Statutes, entitled "Interest," approved Feb. 27, A.D. 1879, provides that "if a greater rate of interest than is hereinbefore allowed shall be contracted for or received or reserved the contract shall not therefore be void; but if in any action on such contract proof be made that illegal interest has been directly or indirectly contracted for, or taken, or reserved, the plaintiff shall only recover the principal, without interest, and the defendant shall recover costs; and if interest shall have been paid thereon, judgment shall be for the principal, deducting interest paid." Laws 1879, 113.

In the year 1873 "An act to provide for the allowance and recovery of attorney's fees in certain actions," was passed by the legislature. This act provided "that in all actions brought for the foreclosure of a mortgage, or upon a written instrument for the payment of money only, there shall be allowed by (to) the plaintiff upon a recovery of judgment by him a sum to be fixed by the court in addition to the judgment, not exceeding ten per cent of the recovery, as an attorney's fee, in all cases wherein the mortgage or other written instrument upon which the action is brought shall, in express terms, provide for the allowance of an attorney's fee." Gen. Stat., 98. This act was repealed in 1879, the law taking effect June 1, of that year. Laws 1879, 78. The defendant in error insists that the repeal of the act did not take away or impair the right to recover attorney's fees.

In the case of the *State of Ohio v. Taylor et al.*, 10 Ohio, 378, one Taylor borrowed $25,000, for which he executed a bond in proper form, secured by mortgage,

but containing no agreement to pay attorney's fees. At the same time he executed a warrant of attorney on the same paper, to confess judgment for the amount, with seven per cent per annum, and five per cent thereon in addition for attorney's fees in case of suit being brought. A decree having been taken by default, the court of common pleas refused to include the attorney's fees in the decree. On appeal to the supreme court, the court say: "It must be admitted, if this agreement can be enforced, the statutes of Ohio regulating the rate of interest, whether upon loans by the fund commissioners or in other cases, are at once virtually repealed. * * Seven per cent is the maximum of *interest* the commissioners are authorized to contract for or receive for the forbearance of their loans. They are prohibited from receiving more in fact in express terms, that is *as interest.* It is said, however, that the five per centum in this case is, by the agreement of the parties, to be added to the seven per cent, not as interest, but as *costs,* agreed upon as such for collection by the parties. Now it seems to us to be of little consequence in this case what this five per cent may be called, but the inquiry is, what is the thing itself? However it may be disguised, it is very clear to us it is a mere shift or device by which twelve per cent is retained as interest upon this loan, and in this view of the case cannot be enforced. * * *
At common law no costs were allowed. If a plaintiff failed in his action he was amerced for his false clamor, but costs were not adjudged against him. In Ohio no costs are given to a successful party, unless authorized by statute, with but one or two exceptions, and the statute defines the items and imposes severe penalties upon the ministers of the law for taking other or higher costs or fees than are expressly provided for." The judgment of the common pleas was affirmed. To the

9

same effect see also *Bank of Wooster v. Stevens et al.*, 1 Ohio State, 233.

The above decisions are as applicable in this state as Ohio. Costs are not allowed in this state unless authorized by statute, and the law imposes penalties for the taxation of illegal costs or for contracting to receive a greater rate of interest than the maximum allowed by law.

In the case of *Toole v. Stephens*, 4 Leigh, 581, certain parties were indebted to a bank which recovered judgment against them. The debtors thereupon applied to the bank for indulgence, and an extension of the time of payment was agreed upon by the debtors giving real estate security for the debt, and in addition to pay the costs of suit and the commission of the attorney of the bank for securing the debt. It was held that the commissions to the attorney were usurious. The reason is, the law fixes a limitation to the amount to be paid for the use of money. If the borrower may be compelled to pay ten per cent collection fees in addition to lawful interest, in case suit is brought, could not a contract to pay ten, twenty, or a greater per cent, as liquidated damages, in case of failure to pay promptly at the day the debt became due, be enforced? And thus the law regulating the rate of interest be virtually repealed. Such agreements, including those for attorney's fees in actions on contracts, will not be enforced by the courts. See also *Bullock v. Taylor*, 39 Mich., 137. *Myer v. Hart*, 40 Id., 517. *Witherspoon v. Mussellman*, 14 Bush, 214. In this state attorney fees were not allowed prior to the passage of the act of 1873, and the legislature by repealing that act evidently intended to withdraw from the plaintiff the right to recover the same. The judgment of the district court is reversed, and the demurrer to the second count of the petition sustained.

REVERSED AND REMANDED.