ALBERT HARDY AND OTHERS, PLAINTIFFS IN ERROR, V. ELI MILLER, DEFENDANT IN ERROR.

1. **Mechanic's Lien.** In an action to enforce a mechanic's lien the relief sought by enforcing the lien does not constitute a separate cause of action.

2. **Pleading:** DEMURRER: PARTIES. A demurrer for defect of parties defendant will not lie unless it appears on the face of the pleading demurred to that necessary parties defendant are wanting.

3. ———: DEMURRER: MISJOINDER. A demurrer for misjoinder of causes of action will lie only where the joinder itself is forbidden, such as uniting a cause of action in tort with one arising upon contract.

4. **Judgment:** DEFAULT. The authority to render judgment by default follows from the failure to answer within the time limited by law, and it is sufficient *prima facie* if it appear in the judgment that the defendant has failed to answer or demur.

5. **Attorney Fees.** There is no authority to allow attorney fees in actions founded on instruments executed since June 1, 1879.

ERROR to the district court of Gage county. Tried below before WEAVER, J.

*W. H. Ashby*, and *A. Hardy*, for Hardy, and *Colby & Hazlett*, for Emery, plaintiffs in error.

*Sabin & Smith*, for defendant in error.

MAXWELL, CH. J.

This is an action to enforce a mechanic's lien. The petition alleges in substance that on the 8th day of October, 1879, the plaintiff, Eli Miller, entered into a contract with Albert Hardy to build an addition to his dwelling house situated on lot 12, in block 61, in the city of Beatrice; that said contract was entered into with the full knowledge and consent of Mary Hardy, and that Albert and Mary Hardy were the owners of

the premises in question. The petition also alleges the completion of the contract, the non-payment of the amount due, the steps necessary to obtain a mechanic's lien, that Emery claims an interest in the premises and asks judgment for the sum of $115.00 and interest, and that the said premises may be sold to satisfy said claim. To this petition Hardy and wife filed separate motions to require the plaintiff to separately state and number his causes of action. These motions were overruled, in which it is claimed the court erred. The motions were properly overruled. There is but one cause of action set forth in the petition. The allegations as to the steps taken ·to obtain a mechanic's lien do not constitute a separate cause of action, but merely show the righ tof the plaintiff to have the property in controversy subjected to the payment of his judgment. These facts merely affect the relief to be obtained and not the right to recover a judgment. If, however, a motion had been filed requiring the plaintiff to state the time of the commencement and completion of his labor under the contract it should have been sustained, as the petition is indefinite in that regard.

Upon the motions being overruled, Hardy and wife filed separate demurrers to the petition upon the ground: *First*, that there is a defect of parties defendant. *Second*, that there is a misjoinder of causes of action. *Third*, that the petition does not state a cause of action. The demurrers were overruled, which is now assigned for error.

A demurrer for defect of parties defendant will lie only where it appears on the face of the petition that necessary parties defendant are wanting. *Neil v. Board of Trustees*, 31 Ohio State, 15. As there is no defect of parties apparent on the face of the petition, the demurrers on that ground were properly overruled.

The second ground of objection, that there is a misjoinder of causes of action, will lie only where the joinder itself is forbidden, such as uniting a cause of action in tort with one arising on contract, and has no reference whatever to the *manner* in which causes are joined. Bliss on Code Pl., sec. 412, and authorities cited in note 1. As there is no misjoinder, the demurrers upon that ground were properly overruled.

The third ground of objection, that the petition does not state a cause of action is untenable. The statement of facts is not as definite as could be desired, but the remedy in such case is by motion and not demurrer.

Certain affidavits are filed stating that no argument was permitted in the court below on the demurrers, that in fact the cause was submitted without the knowledge of Hardy or his attorneys. But it does not appear that he has been prejudiced thereby in any manner, and it is very clear that the ruling on the demurrer is correct.

Upon the overruling of the demurrers a judgment was rendered in favor of Miller for the sum of $122.25 and costs, and it is claimed that no default was taken against Hardy and wife before entering the same. That portion of the judgment is as follows: "Now on this 25th day of October, A.D. 1880, it being the tenth day of the term, this cause came on for hearing on the petition, the answer, and cross petition of the defendant, C. N. Emery, and the defendants, Albert Hardy and Mary Hardy, making default of answer at 4:30 P.M., and the evidence, and was submitted to the court, on consideration whereof," etc.

Section 134 of the code provides that "every material allegation of the petition not controverted by the answer, and every material allegation of new matter in the answer not controverted in the reply, shall for the purposes of the action be taken as true," etc.

Section 432 provides that: "If the taking of an account, or the proof of a fact, or the assessment of damages, be necessary to enable the court to pronounce judgment upon a failure to answer, or after a decision of an issue of law, the court may, with the assent of the party not in default, take the account, hear the proof, or assess the damages, or may with the like assent, refer the same to a referee; master, or commissioner, or may direct the same to be ascertained or assessed by a jury. . If a jury be ordered it shall be on or after the day on which the action is set for trial."

A default is an admission of the truth of the facts stated in the petition. *McKenzie v. Perrill*, 15 Ohio State, 162. *Deroin v. Jennings*, 4 Neb., 101.

The finding of the court that Hardy and wife made "default of answer" is one of fact. No judgment can lawfully be rendered by default until the time for filing an answer has elapsed, and the authority of the court to render such judgment follows from the failure of the defendant to answer, and not from the particular manner in which the default entered. The essential fact is the failure to answer, and where this appears in a judgment it is sufficient *prima facie* to authorize the action of the court, and its proper action in taking the default will be presumed.

In the case of *Smith v. Silvis*, 8 Neb., 167, the judgment did not show that Smith, one of the defendants, was in default. It was as follows: "And now on this day this cause came on to be heard before the court upon the pleadings and proof in said cause contained, and the court after hearing the evidence doth find that there is due the plaintiff," etc. This was held insufficient. But in the case at bar the judgment shows that Hardy and wife had failed to answer, and this is sufficient *prima facie* to sustain the judgment. The court found that there was due from Hardy and wife to the

defendant, C. N. Emery, upon the note and mortgage set up in his cross-petition, the sum of $218.26, and found that the same was subject to the mechanic's lien of Miller. The court also allowed an attorney's fee of $21.80 for foreclosing the mortgage. There is no bill of exceptions, and we are therefore unable to review the question of the priority of liens. The allowance of attorney's fees seems to be unauthorized. The note is dated November 17, 1879, and the act repealing the act for the allowance of attorney's fees took effect June 1, 1879. There was therefore no authority to include attorney fees in the claim. *Dow v. Updike,* 7 N. W. Reporter, 857, *ante* page 97. The defendant Emery has leave to remit the attorney fees from the decree within thirty days from this date, and upon condition that such remittitur is made the judgment of the court below is affirmed. In case the defendant Emery fails to enter such remittance as above provided, the decree of foreclosure of the mortgage is reversed and the cross petition remanded for further proceedings.

JUDGMENT ACCORDINGLY.