EDWIN BOND, APPELLEE, V. THOMAS J. DOLBY, MARY DOLBY, AND EUGENE H. ANDRUS, APPELLANTS.

1. **Practice in Supreme Court on Appeal.** In cases tried to a court without the intervention of a jury the finding on questions of fact upon conflicting testimony is entitled to the same respect in the supreme court on appeal as would be accorded to to the verdict of a jury under like circumstances, and will not be interfered with unless clearly wrong. *Bank of Cass Co. v. Morrison, ante* p. 341.

2. **Interest.** Where a promissory note, by its terms, fixes a legal rate of interest per annum "from date until paid," such note will draw interest at the agreed rate after as well as before maturity. And the judgment or decree rendered thereon will draw the same rate of interest notwithstanding the legal rate upon judgments and decrees may be reduced after the execution of the note.

3. **Mortgage on Real Estate Assumed by Purchaser.** When, in the purchase of real estate, the purchaser assumes and agrees to pay a debt secured by a mortgage upon the real estate so purchased, and retains a part of the purchase price for that purpose, in a proceeding against the mortgagor and such purchaser to foreclose the mortgage, the question as to whether the mortgagor had a mortgageable interest in the real estate is an immaterial one and would not affect the liability of the defendants for the payment of the debt.

APPEAL from the district court for Lancaster county. Heard below before POUND, J.

*Marquett, Deweese & Hall,* for appellant Andrus.

*Lamb, Ricketts & Wilson,* for appellee.

REESE, J.

This is an action for the foreclosure of a mortgage. The appellant purchased the land of the mortgagor, and is made a party defendant to the action. The petition alleges that as a part of the purchase price he assumed and agreed to

pay the debt secured by the mortgage and thereby became personally liable to the plaintiff for the payment of the same.   The answer of appellant denies the allegations of the petition and alleges that the mortgagor, Dolby, never owned the premises described in the mortgage.   This allegation is denied by the reply.

From the evidence introduced upon the trial it appears that Dolby, the mortgagor, attempted to secure the mortgaged premises by a homestead entry, and while occupying them he executed the mortgage.   The B. & M. R. R. Co. contested his right to the land, and the decision was rendered in favor of the R. R. Co., the land being held not subject to homestead entry.   Afterwards Dolby purchased the land from the R. R. Co., by contract, and subsequently sold it to appellant, transferring the contract by assignment executed by Dolby and wife.   In support of the allegation in the petition that Andrus assumed and agreed to pay the debt, Dolby testifies as follows:

Q.   State whether or not you purchased the claim of the B. & M. R. R. Co. to the land ?   If so, when ?

A.   I did ; I purchased it from the B. &. M. R. R. Co. about June, 1883.

Q.   About what time did you sell the land to the defendant, Andrus?

A.   About the first of October, 1883.

Q.   Did you tell him about the mortgage to Bond?

A.   I did.

Q.   What arrangement, if any, did you make with Andrus about paying Bond's mortgage ?

A.   I made arrangements to pay it by settling with him for two hundred dollars.

Q.   Was any money left in his hands to pay it, and if so, how much?

A.   There was two hundred dollars left with him for that purpose.

Andrus testified that he did not agree to pay the mortgage, but that two hundred dollars was deducted out of the purchase price and retained by him with which to pay the unpaid taxes on the land and "fight" the mortgage.   Thus a question of fact was presented to the trial court for decision upon conflicting testimony.

In view of the rule so well established by this court, that it will not disturb findings of fact by the trial court upon conflicting testimony, we cannot molest this finding.   It is urged by appellant that under the pleadings the burden of proof is upon plaintiff and he must establish the fact of the agreement by a preponderance of evidence.   This is true, and was doubtless considered by the trial court when deciding the case.   There was testimony sufficient, if uncontradicted, or if believed by the trier of fact, to sustain the finding.   The witnesses, with the exception of Dolby, whose deposition was read, were before the court.   Their manner of testifying, their demeanor while upon the stand, with the surroundings, were all considered by the learned judge who heard the case.   The question of the weight of their testimony was for him to decide. *Blackburn v. Ostrander*, 5 Neb., 219.   *McCune v. Thomas*, 6 Id., 488.   Andrus alone appeared and made a defense.   This defense was made only in so far as it could affect the mortgage.   No effort was made to release Dolby from the obligation of the debt.   The court might well hesitate before concluding that Dolby would furnish money to Andrus for the purpose of " fighting " the mortgage and still be liable himself for the payment of the debt evidenced by the note.   The finding of the court that appellant made the alleged agreement and is liable thereon must stand.

An attorney's fee of $35.75 was allowed by the court. Appellant insists that this was error.   The note provides for the payment of an attorney's fee of ten per cent in case action should be brought thereon.   It was executed the 5th day of May, 1879.   The act approved February 24, 1879,

repealing the law allowing attorney's fees, having no emer-
gency clause, did not take effect until after the execution of
the note. Constitution of Nebraska, article 3, title "Leg-
islative," § 24; also see § 1, chapter 88, Compiled Statutes.
*Dow v. Updike*, 11 Neb., 96. *Hardy v. Miller*, Id., 399.

The note provided for the payment of "interest at the
rate of twelve per cent per annum from date until paid."
By the decree of the court interest was computed at that
rate to the time of the decree. This was correct. *Kellogg
v. Lavender*, 15 Neb., 256. The decree also provides that
it shall draw interest at the same rate. This is complained
of by appellant. At the time of the execution of the
note the law of this state made twelve per cent per annum
the legal rate, if contracted for by the parties. The law
also provided that, "interest on all decrees and judgments
for the payment of money shall be from the date of the
rendition thereof, at the rate of ten dollars upon each one
hundred dollars annually, until the same shall be paid;
*Provided*, That if said judgment or decree shall be founded
upon any contract, either verbal or written, by the terms
of which a greater rate of interest, not exceeding the amount
now allowed by law, than ten per centum shall have been
agreed upon, the rate of interest upon such judgment or
decree shall be the same as provided for by the terms of
the contract upon which the same was founded." General
Statutes, chapter 34, § 3, page 446. This law was amended
by the act of February 27, 1879, which took effect June
1st of that year. Section 3 above quoted being the law at
the time the contract was made the rights of the parties
must be determined by it.

By the finding of the district court, that Andrus assumed
and agreed to pay the note secured by the mortgage as a
part of the contract between him and Dolby, the question
as to whether Dolby had a mortgageable interest in the
land becomes an immaterial one. The debt existed whether
the mortgage was valid or not. The retention of the money

and agreement to pay the debt by Andrus would fix his liability.

The decree of the district court is therefore affirmed.

DECREE AFFIRMED.

THE other judges concur.