IN RE BRECKINRIDGE ET AL.

[FILED MARCH 4, 1891.]

1. Attorneys: FEES. From the earliest history of this state until 1873 attorney fees were not allowed to the plaintiff in any action arising upon contract. In 1873 an act was passed to allow attorney fees not to exceed ten per cent of the recovery in an action upon a mortgage or promissory note. This act was repealed in 1879, taking effect June 1, 1879, and since that time a court has had no authority to allow attorney fees to the plaintiff in any action upon a promissory note or for the foreclosure of a mortgage.

2. ———: MISCONDUCT: REMOVAL OF CAUSES: ALLEGED LOCAL PREJUDICE. An action to foreclose a mortgage where the sum

claimed was considerably less than $2,000 was instituted in Hamilton county. The attorneys who instituted the action thereupon filed a petition in the federal court to remove the cause into the federal court on the ground of prejudice and local influence, and one of said attorneys made oath "that on account of prejudice and local influence said petitioner will not be able to obtain justice in any court in the state of Nebraska; that all of said courts have refused to enforce the contract obligation assumed by said Peter and Sarah Dalke in said trust deed," etc. The alleged "prejudice and local influence" consisted of the construction placed on the law by the state courts, that attorney fees would not be allowed, and hence that the plaintiff's attorney could not recover the same. *Held,* That the oath was without justification, as no prejudice or local influence within the proper meaning of those terms was shown.

3. ———: ———. The court will not permit one of its officers to resort to questionable means in the prosecution of a case in order to obtain fees not allowed by the laws of the state.

ORIGINAL application for disbarment.

*A. W. Agee,* and *E. J. Hainer,* for the application.

*Breckenridge & Breckenridge, J. L. Webster, C. J. Greene,* and *C. S. Montgomery, contra.*

MAXWELL, J.

This is a proceeding to disbar the defendants for conduct which is alleged to be unprofessional—to use no harsher name—in removing a cause from the district court of Hamilton county to the United States circuit court. The cause is submitted to this court on the pleadings.

Without setting out the pleadings at length it is sufficient to say that the action of which complaint is made was brought to foreclose a mortgage on real estate, where the amount involved was considerably less than $2,000, and all the parties, except a nominal defendant, were citizens of the state. The removal was sought and obtained on the ground of prejudice and local influence so as to prevent a fair trial. The affidavit is as follows:

"UNITED STATES OF AMERICA, ⎫
"STATE OF NEBRASKA,    ⎬ ss.
"COUNTY OF DOUGLAS.  ⎭

"R. W. Breckenridge, being duly sworn, on oath says he is attorney for L. W. Tully, trustee, defendant in the above named cause; that he has in his possession the trust deed held by said petitioner, and is ready to produce the same; that he has personal knowledge of the matters set forth in the foregoing petition, and the statements thereof are true; that said petitioner at the time of the commencement of said suit was and still is a citizen of the state of Iowa, residing therein; that said Peter and Sarah Dalke, between whom and said petitioner there is a controversy in said suit, are citizens of the state of Nebraska; that on account of prejudice and local influence said petitioner will not be able to obtain justice in any court in the state of Nebraska; that all said courts will refuse to enforce the contract obligation assumed by said Peter and Sarah Dalke in said trust deed, as in the administration of justice they ought to do, and if said cause shall be tried in any of said courts said petitioner will suffer considerable pecuniary loss on account of such failure of justice.

"R. W. BRECKENRIDGE.

"Signed in my presence and sworn to before me this 25th day of November, 1889.

"ELMER D. FRANK, *Clerk.*"

The charge of prejudice and local influence, by which the petitioner will not be able to obtain justice in any court in the state of Nebraska, because all of said courts will refuse to enforce the contract obligation assumed by Peter and Sarah Dalke in the trust deed, refers to a provision in the deed that in case an action is brought to foreclose the mortgage that they (the mortgagors) would pay an additional sum of $160 as attorney fees, etc., in case suit should be commenced to foreclose the mortgage. This is

the contract which is made the pretext for removing the cause.

From the earliest history of our state until 1873 attorney fees were not allowed to the plaintiff in any action arising upon contract. In 1873 the legislature passed "An act to provide for the allowance and recovery of attorney fees in certain actions." This act authorized the court to allow the plaintiff upon recovery of a judgment by him upon a written instrument or mortgage which contained a provision for an attorney's fee the allowance of such sum as should be deemed proper by the court, not to exceed ten per cent of the amount of the recovery. This act was repealed in 1879, the repeal taking effect June 1 of that year.

In *Dow v. Updike*, 11 Neb., 95, an action was brought on a note dated July 20, 1879, and due in 100 days after date. This note provided for a reasonable attorney's fee in case an action was brought on the note. On the trial of the cause in the court below judgment was rendered in favor of the plaintiff for the amount of the note and for $25 as a reasonable attorney fee. The judgment as to the attorney fee was reversed in this court, it being held that a stipulation in a promissory note to pay a reasonable attorney's fee for instituting and prosecuting a suit on the note in addition to the legal interest is unauthorized by law and void. The decision in that case was approved in *Hardy v. Miller*, 11 Neb., 395, where it was held there was no authority to allow attorney fees in actions founded on instruments executed since June 1, 1879. This doctrine was again affirmed in *Otoe County v. Brown*, 16 Neb., 395, where it was held that in the absence of a statute authorizing it there was no authority to allow an attorney's fee and tax the same as costs in the action. (See also *Bond v. Dolby*, 17 Neb., 493–4; *Hand v. Phillips*, 18 Id., 593 ; *Winkler v. Roeder*, 23 Id., 706.) Other cases to the same effect might be cited.

It is the settled law of this state, therefore, that the

plaintiff is not entitled to recover attorney fees from the defendant in an action upon a promissory note or to foreclose a mortgage, notwithstanding such note or mortgage may provide for the allowance of a reasonable attorney fee in case an action is brought on such instrument.  How then can a person truthfully swear that the construction placed on the laws of the state by its highest court, and which construction is binding upon all other tribunals administering its laws, is actuated by prejudice or local influence in applying the law as thus construed?

The definition of "prejudice," as given by Webster, is as follows: "An opinion or decision of mind formed without due examination; prejudgment; a bias or leaning toward one side or the other of a question from other considerations than those belonging to it; an unreasonable predilection or prepossession for or against anything; especially, an opinion or leaning adverse to anything, formed without proper grounds, or before suitable knowledge."  It will readily be seen that a construction of the law which is applicable alike to all persons is in no sense the prejudice or local influence mentioned in the act for the removal of causes.  We do not care to comment upon this matter, as in the conclusion we have reached in the case the parties will not be disbarred for the offense, but it must not be repeated.

It is claimed on behalf of the relator that the action of the defendants in commencing the action in Hamilton county was a mere pretext in order to remove the cause into the federal court, where it could not be brought originally; that that court is in the habit of allowing attorney fees to the plaintiff's attorney in case a recovery is had, and that the fees and expenses are very much higher there than in the state courts.  We do not care to go into an investigation of these matters at this time.  Any case that is properly removable into the United States circuit court, and a proper petition is filed for that purpose with bond,

etc., will be promptly removed. The courts of the state have no desire to contest for business with any other court, and no doubt this is true of the federal courts, but a debtor as well as a creditor has rights which should not be disregarded, and among these rights, in cases relating to the foreclosure of a real estate mortgage, is that of defending the action in the county where he resides or the land is situated, and to have it appraised and sold in such county. This is a right which he possesses, and unless for adequate cause the case is removed into the federal court, he should not be deprived of it. To do so without adequate cause, in order that fees not authorized by the laws of the state may be wrung from him, is a course of procedure wholly irreconcilable with the duty of an attorney, to say nothing of the oath by which the removal is obtained.

The court will not permit its officers to pursue the course taken by the defendants in this case, to remove a cause not properly removable into the federal court for the purpose of obtaining fees which, in our view, are not recoverable by law; but as several other attorneys seem to have done the same thing, which, while no justification to the defendants, no doubt had considerable influence in inducing them to seek the removal on the grounds set forth, and as this is is the first case which has been brought to our attention, and upon the assurance that the offense will not be repeated, the punishment will be merely nominal, aside from the payment of the costs in the case. The judgment is that the defendants be admonished by the chief justice to hereafter refrain from the practices indicated in this proceeding, and that they pay the costs.

JUDGMENT ACCORDINGLY.

THE other judges concur.