### ROBINSON v. ALABAMA & G. MANUF'G CO. et al.

*(Circuit Court, N. D. Georgia. May 30, 1892.)*

TRUST DEED—FORECLOSURE—ATTORNEYS' FEES.

A trust deed given to secure the bonds of a manufacturing company provided for payment of the trustee's expenses upon a sale by him under the powers contained in the deed. The trustee, however, foreclosed by suit, which course was probably necessary because of a prior foreclosure sale in the state court. The suit was brought on request of certain bondholders, and the trustee had refused to act except under a stipulation that he should not be liable for attorney's fees. *Held,* that he was not entitled, as a matter of right, to have attorneys' fees taxed. *Fowler* v. *Trust Co.*, 12 Sup. Ct. Rep. 1, 141 U. S. 384, followed. *Dodge* v. *Tulleys*, 12 Sup. Ct. Rep. 728, distinguished.

In Equity. Bill by J. J. Robinson, trustee, to foreclose a trust deed given by the Alabama & Georgia Manufacturing Company and others to secure certain bonds. A demurrer to the bill was overruled, (48 Fed. Rep. 12,) and a decree of foreclosure directed. The case is now heard on a petition for the allowance of attorneys' fees, and demurrer thereto. Demurrer sustained.

*B. F. & Chas. A. Abbott* and *Dorsey, Brewster & Howell,* for complainants.

*N. J. & T. A. Hammond,* for defendant.

NEWMAN, District Judge. In this case a final decree of foreclosure has been directed in favor of complainants, and the court is now asked to determine the question of an allowance for counsel fees for legal services rendered on behalf of Robinson, trustee. The petition to this end filed by complainants prays that reasonable counsel fees may be allowed against the defendants, and taxed as a part of the cost in the case. There is no provision in the trust deed for the payment of counsel fees in case of foreclosure in court. There is a provision for the payment of the expenses of the trustee in the event he entered upon the property and sold the same as provided in the trust deed. The provision for the payment of expenses would probably include reasonable counsel fees if the trustee had proceeded in that manner to execute the trust, but he filed his bill in court for a regular decree of foreclosure. The property embraced in the trust deed having been sold by a receiver in a former proceeding, however, and the property purchased by third parties, the proceeding in court, it is suggested, was considered a necessity; and it probably was. The court is now called upon to determine whether or not the fees of

counsel representing the trustee shall be taxed against the defendants, in addition to the principal and interest of the bonds and the ordinary cost in the case; the application to have counsel fees thus attached being strenuously resisted by defendants.

Quite a number of authorities have been cited both for and against the application, and by both sides; but the main reliance of defendants is upon a decision of the supreme court in the case of *Fowler* v. *Trust Co.*, 141 U. S. 384, 12 Sup. Ct. Rep. 1, and that of complainants upon a recent decision of the supreme court in the case of *Dodge* v. *Tulleys*, 12 Sup. Ct. Rep. 729, (decided April 11, 1892, and published in advance sheets No. 26.)

In the case of *Fowler* v. *Trust Co.* there was a provision in the trust deed very much like the provision in the deed in this case. It provided for an allowance, in case of a sale by the trustee at public auction upon advertisement, of all expenses, etc., and there was a proceeding in court to foreclose the mortgage and a decree. The proceeding to foreclose was instituted by the holders of the bonds, as appears from the report of the case, and not by the trustee; and it was held that fees of solicitors for complainant could not be recovered against the defendant. The only difference between that case and the case now before the court is that the proceeding was there instituted by the holders of the bonds, and not by the trustee; and it is contended that that is very material in considering its weight as authority here. It seems from a sentence in the opinion that the reason for that suit being brought by the holders of the bonds and not by the trustee was a refusal of the trustee to act, and that this was urged as an additional reason for the allowance of counsel fees. The language of the court, so far as material to the question in consideration, is as follows:

"The trust company insists that the decree should have made to it an allowance for solicitor's fees. There is no foundation for this claim. The trust deed provides that, in the case of a sale by the trustee at public auction, upon advertisement, all costs, charges, and expenses of such advertisement, sale, or conveyance, including commissions, such as were at the time of the sale allowed by the laws of Illinois, to sheriffs on sale of real estate on execution, should be paid out of the proceeds. This provision does not impose upon the borrower the burden of paying to the lender a solicitor's fee where a suit is brought for foreclosure. The commissions referred to in the deed are allowed only where the property is sold upon advertisement by the trustee without suit. The trust deed made no provision for a solicitor's fee to the company in the event suit was brought. That a suit became necessary because of the refusal of the trustee to act is no reason for taxing such a fee against the mortgagor."

As stated, the only difference between that case and the case under consideration is that in this case the trustee brought suit for foreclosure. If a trustee may recover from the defendant his expenses for counsel fees in a case like this, why, in the event the trustee refuses to act, and it becomes necessary for the holders of the obligation secured by the trust deed to employ counsel themselves to enforce the trust deed, should they not have the same right? In the one case the trustee employs

counsel to collect the debt of his *cestui que trust*, and in the other the beneficiaries employ counsel to represent themselves, and enforce the trust deed; and it would be very difficult to find any distinction in principle between the rights in the two cases.

The case of *Dodge* v. *Tulleys*, it is earnestly urged, controls the question here, whatever effect may be given the *Fowler Case*, just discussed. That was a suit brought (in the *Dodge Case*) by a trustee to foreclose a mortgage securing certain indebtedness, and there was an allowance to counsel of complainants a fee of $1,000. The supreme court reduced the fee by one half, but held that it was properly taxed. The language of the court, as appears from the advance sheets of the decision, so far as it is necessary to cite here, is as follows:

"The remaining proposition of appellants is that the court erred in allowing a solicitor's fee of $1,000. There is a stipulation in the trust deed for the payment of an attorney's fee of $1,000 in case of foreclosure, but such stipulations have been held by the supreme court of Nebraska to be unauthorized. *Dow* v. *Updike*, 11 Neb. 95, 7 N. W. Rep. 857; *Hardy* v. *Miller*, 11 Neb. 395, 9 N. W. Rep. 475. It seems that in 1873 an act passed the legislature of Nebraska expressly authorizing in any written instrument for the payment of money a stipulation for not exceeding 10 per cent. as an attorney's fee in case of suit. Gen. St. Neb. 98. This act was repealed in 1879. Laws Neb. 1879, p. 78. In the case cited the supreme court of the state held that by the repeal of the statute the contract right to recover attorneys' fees was taken away. So, as this court follows the decisions of the highest court of the state in such matters, (*Bendey* v. *Townsend*, 109 U. S. 665, 3 Sup. Ct. Rep. 482,) the provision in the trust deed for the payment of $1,000 as attorney's fees cannot be regarded as of binding force. But, while contract rights are settled by the law of the state, that law does not determine the procedure of courts of the United States sitting as courts of equity, or the costs which are taxable there, or control the discretion exercised in matters of allowances. Those courts acquire their jurisdiction and powers from another source than the state. There is no statute of Nebraska in respect to the matter. Even if there were one expressly prohibiting courts of equity from making allowances to trustees or their counsel, such prohibition would not control the proceeding in federal equity courts. They proceed according to the general rules of equity, except so far as such rules are changed by the legislation of congress; and, while they may enforce special equitable rights of parties given by state statutes, (*Holland* v. *Challen*, 110 U. S. 15, 3 Sup. Ct. Rep. 495,) yet their general powers as courts of equity are not determined and cannot be cut off by any state legislation. It is the general rule of equity that a trustee called upon to discharge any duties in the administering of his trust is entitled to compensation therefor, and included therein is a reasonable allowance for counsel fees. This is constantly enforced in the federal courts in the various railroad foreclosures that have been and are proceeding therein, and this irrespective of any state legislation. The subject was exhaustively considered by Mr. Justice BRADLEY in the case of *Trustees* v. *Greenough*, 105 U. S. 527. The English and American authorities were fully reviewed, and the power and duty of the court to make reasonable allowances (including counsel fees) to trustees, or others acting in that capacity, was affirmed. See, also, *Banking Co.* v. *Pettus*, 113 U. S. 116, 5 Sup. Ct. Rep. 387. It is unnecessary to more than refer to these decisions. In the case before us a trustee comes into a court of equity and asks its aid in enabling him to discharge the duties of his trust; and, according to the settled law of this court, he is entitled to an allowance for reasonable counsel fees. But

we think $1,000 is too much. Indeed, in the bill of complainant the trustee alleges that $500 is a reasonable attorney's fee for the foreclosure of the trust deed, and we think that, under the circumstances, no more should be allowed."

It is true, certainly, that the court in this case sustained the court below in taxing the counsel fees of the trustee in a case like this, and held that it was in the general powers of the federal courts to do what was done there. But I do not understand the case to go to the extent contended for by counsel for complainants here. They contend, as I understand them, that the ruling in that case is that it is the right of the trustee, in a case like this, to recover his counsel fees against the defendants; that is, that it was a matter of right to have counsel fees so taxed. I do not so understand the decision. The court below had taxed complainant's counsel fees against the defendant, and the supreme court, while reducing the amount of the fee, simply affirmed this, and placed it upon the general powers of the federal court to tax the cost in the case. There is nothing whatever in the decision to justify the contention that the court there decided that the trustee, as a matter of right, should have counsel fees taxed against the defendant in a case like this.

The court having this opinion as to the general effect of the decisions cited, it may next be considered whether it is a case in which the court, in its discretion, will cause the fees of counsel for complainant to be taxed against defendant. This bill was filed because of nonpayment of interest, which, under the contract, gave the right to foreclose; and a serious question was made by the pleadings and the proof in the case as to whether or not the right to foreclose existed at the time the bill was filed, but the court sustained this right, and directed a final decree. No right can be claimed here in this respect because of any liability incurred by the trustee in the performance of his duties, because it appears from the evidence in the case that the trustee required an agreement that he should not be responsible for counsel fees before he would allow the use of his name in the suit; and the case has really more the appearance of the holders of these obligations proceeding through the trustee, as a mere formal party, than the act of the trustee in the discharge of a duty incumbent upon him by virtue of a trust which he had assumed and agreed to carry out. Again, the property covered by this trust deed was placed in the hands of a receiver of the state court in a proceeding against the Alabama & Georgia Manufacturing Company, and by a decree of that court was sold, and is now the property of the Huguley Manufacturing Company, who hold the property subject to this mortgage under the terms of that purchase at the receiver's sale. There is nothing whatever in this contract, as has been stated, providing that counsel fees of complainant should be paid in the event of a foreclosure in court; and, if the same should be taxed here against the defendants, it would be increasing the amount of the mortgage to that extent. In the absence of a provision in this trust deed for counsel fees, and the law not requiring it to be taxed, it would be placing a burden on the pur-

chasers of this property, which they did not assume, and cannot be held to have assumed, when they bought the property at the receiver's sale.

The conclusion is that this is not a case where the court is required by law to tax counsel fees of the complainant against the defendant, and, in the absence of any such requirement, and considering the question under the general rule applicable in courts of equity, such a case is not made as the court would, in its discretion, give it that direction. But the court will leave the matter of compensation of complainant's solicitors open until the fund is brought into court derived from the sale of the property under the decree which has been directed, and will then make such order for the payment of counsel fees, and for such amount, as may be proper. An order may be taken sustaining the demurrer upon the ground above stated.