GRAY v. HAVEMEYER et al.

(Circuit Court of Appeals, Eighth Circuit. October 31, 1892.)

No. 133.

1. APPEAL—NECESSARY PARTIES—JOINT DECREE—MECHANICS' LIENS—PRIORITIES.

In a foreclosure suit to which a subsequent mortgagee and certain mechanics' lienors were made parties, the court directed a sale of the property and an application of the proceeds to the payment, first of costs, next of the mortgages in their order, and next of the mechanics' liens; and decreed the amount due each lienor, and the equality of all the mechanics' liens in point of time. *Held*, that the decree was not joint as respects the mechanics' lienors, so as to prevent an appeal by one alone, but was several as to each.

2. SAME—NECESSARY PARTIES—OTHER MECHANICS' LIENORS.

But where one of the mechanics' lienors appealed, seeking to have his lien given priority, the others were necessary parties, since the court could not subordinate their liens to his in their absence.

3. SAME—OWNER OF PROPERTY—PROVINCE OF COURT—ESTOPPEL.

The appealing lienor being a subcontractor, and seeking by his appeal to have his lien adjudged prior to the mortgages, as well as to the other mechanics' liens, the owner of the land was also a necessary party to the appeal, since he would be personally liable for a balance due on the mortgage notes, but not on the amount of the subcontractors' lien; and the court could assume the possible failure of the land to sell for enough to meet both lien and mortgages, and the consequent injury to the owner, since the decree appealed from could be injurious to the subcontractor only by assuming the same possibility.

4. FEDERAL COURTS—FOLLOWING STATE PRACTICE—COSTS OF FORECLOSURE.

In a suit to foreclose a mortgage given on realty in Nebraska, and executed by a resident of that state, it was error for the circuit court to allow attorneys' fees, as an item of costs, under a provision of the mortgage for such an allowance in case of foreclosure, since the supreme court of Nebraska had determined that such a provision in a mortgage was invalid. Bendey v. Townsend, 3 Sup. Ct. Rep. 482, 109 U. S. 665, and Dodge v. Tulleys, 12 Sup. Ct. Rep. 728, 144 U. S. 451, followed.

Appeal from the Circuit Court of the United States for the District of Nebraska.

In Equity. Bill to foreclose a mortgage, brought by Sarah A. Havemeyer against J. H. Van Closter, mortgagor; O. F. Davis Company, subsequent mortgagee; Fred W. Gray, mechanic's lienor; and other lienors. Decree for complainant. Defendant Gray appeals, causing citation to issue only to complainant, Havemeyer, and defendant O. F. Davis Company. Modified and affirmed.

John C. Wharton and William Baird, for appellant.

John L. Kennedy and M. L. Learned, for appellees.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

SHIRAS, District Judge. On the 6th day of December, 1889, J. H. Van Closter executed and delivered to Sarah A. Havemeyer a mortgage on certain lots in the city of Omaha, Neb., to secure the payment of a promissory note for the sum of $2,500. The mortgage was recorded in the office of the register of deeds of Douglas county, Neb., on the 17th day of January, 1890. On the 6th of December,

1889, the said Van Closter executed another mortgage on the same lots to secure the payment of five promissory notes for $25 each, and payable to the O. F. Davis Company, which mortgage was recorded in the register's office of Douglas county on the 18th day of January, 1890. At some time in the latter part of the year 1889, the exact date not being made to appear on the record, the firm of Statler Bros. contracted with J. H. Van Closter for the erection of three houses upon lots 1 and 2, in block 15, in Hanscom place, the mortgages above named being given upon the west 50 feet of these lots, upon which was one of the buildings erected by Statler Bros. In December, 1889, Statler Bros., as we understand the record, contracted with Fred W. Gray for the furnishing of the door and window frames and other woodwork and material needed in the erection of the three houses upon lots 1 and 2. On the 20th of December, 1889, Gray furnished for each of the three houses five cellar window frames and two cellar door frames, no other delivery being made until the following March, when the furnishing of the material was resumed, and completed in June, 1890. On the 20th day of August, 1890, Gray made out under oath a claim for a mechanic's lien under the statute of Nebraska, which was, on the same day, duly filed for record and recorded in the register's office of Douglas county. On the 10th day of March, 1891, Sarah A. Havemeyer filed in the United States circuit court for the district of Nebraska a bill for the foreclosure of the mortgage held by her, the mortgagor, Van Closter, having defaulted in the payments therein called for, and to this bill the O. F. Davis Company, Fred W. Gray, and a number of others holding liens upon the realty were made parties defendant. The O. F. Davis Company answered the bill, admitting the averments thereof, and filed a cross bill praying for the foreclosure of the mortgage held by it. Fred W. Gray answered the bill of complainant, setting forth his claim for a mechanic's lien, averring that there was due him the sum of $3,456.91 for materials furnished and used in the erection of the houses built for Van Closter by Statler Bros., the same being furnished under an agreement made before December 20, 1889, and praying that the same might be adjudged to be a lien prior and paramount to that of complainant's mortgage.

The case was submitted to the circuit court upon the pleadings, the notes and mortgages, and a stipulation of facts signed on behalf of the complainant and the defendant Gray. The court granted a decree wherein it is found that the mortgages are valid liens on the realty; that the defendant Gray has a mechanic's lien for materials furnished upon the realty covered by the mortgages for the sum of $1,202; that certain other of the defendants have liens for materials furnished; that for the sum of $12, being the value of the materials furnished by the defendant Gray on the 20th of December, 1889, and before the recording of the mortgages, the said Gray has a lien prior to the mortgages, but that for the remainder of the sum due him his lien is inferior to that of the mortgagees; that, with the exception of the $12 just mentioned, the mechanics' liens, including that of F. W. Gray, are equal in point of time. Based upon these findings, a foreclosure of the mortgages was decreed, it being directed

that the proceeds of the sale shall be applied in payment of costs, next to the payment of the $12 to F. W. Gray, next to the payment of the sums due on the mortgages in their order, next to the payment of the mechanics' liens, and finally to the payment of certain judgment lienholders. From this decree the defendant Gray prayed an appeal to this court, assigning as error the refusal of the trial court to adjudge his entire claim to be the prior lien upon the property. The citation was directed to and served upon Sarah A. Havemeyer and the O. F. Davis Company, and they alone have appeared in this court.

The appellees, upon appearing in this court, filed a motion to dismiss the appeal on the ground that Van Closter, the owner of the realty sought to be subjected to sale, and the mechanics' lienholders other than the appellant, are not made parties to the appeal, and therefore this court does not have before it the parties whose interests are directly involved, and whose presence is necessary to the proper disposition of the questions upon which the judgment of this court is invoked. This motion was submitted in connection with the arguments upon the main case, and in support thereof counsel for appellees urge that the decree appealed from is in fact a joint decree in favor of all the mechanics' lienholders, and therefore all should have joined in the appeal. We do not think this position is maintainable. So far as the mechanics' liens are concerned, it is not decreed that a lump sum shall be applied to the payment of these liens, to be divided pro rata among them, but the amount due each lienholder is separately decreed, and then upon the question of priority it is adjudged that they stand upon an equality. Upon this question of priority the decree is in favor of and is adverse to each one of the lienholders as between himself and the others of this class, and the appellant, Gray, has the right to assert that his lien is paramount to those of the other lienholders, and that the decree is erroneous in not awarding him this priority. Upon that question the appellant is not jointly interested with the other lienholders, but his interest is adverse to them. The contention, therefore, that, being jointly interested, they should have joined in the appeal, cannot be sustained; but the real difficulty arises upon the point whether this court has before it the parties indispensably necessary to enable this court to pass upon the rights and interests involved in the litigation. It will be remembered that the only parties before this court are the holders of the two mortgages and the appellant, Gray. The latter seeks to have it adjudged by this court—First, that his lien is prior to that of the mortgagees; second, that his lien is prior to that of the other mechanics' lienholders. Upon the first proposition, the question is whether this court should attempt to deal therewith in the absence of the owner of the realty, J. H. Van Closter. The latter is not personally bound for the payment of the claim held by the appellant, who was a subcontractor under Statler Bros. Under the statutes of Nebraska, the subcontractor may, by observing the requirements of the statute, create a lien upon the property, for the improvement of which the materials were furnished, but he does not become entitled to a personal claim against the owner of the property. Can it be said, therefore, that it

is a matter of indifference to the owner of the property whether the mortgagees or the appellant is awarded priority of payment out of the proceeds realized from a sale of the property? If the appellant was entitled to hold Van Closter personally liable for the sum due him on his lien, it might be well said that it was a matter of indifference to him whether the mortgages or the mechanics' liens were first paid out of the proceeds of the sale, as the order of payment would not change the amount for which he would remain personally liable, in case the property did not sell for enough to pay all the liens in full. Is this true, however, in a case wherein the owner of the property is personally liable upon the mortgages, but not upon the mechanic's lien? The decree rendered in the circuit court directed that payment should be made—First, of the mortgages; and, second, of the mechanic's lien; and under this decree it is clear that, if the property sells for enough to pay the mortgages, the owner of the property will not be left personally liable for any sum. If, however, this court should adjudge that the appellant is entitled to priority of payment, and the property does not sell for enough to pay the mortgages as well as the lien, then the owner of the property will be personally liable for the balance left unpaid upon the mortgage debts, and thus a burden will rest upon him which cannot be imposed under the decree as it now stands. Thus it appears that the appellant seeks to change the decree in a particular which will directly and injuriously affect the rights and interests of the owner of the property decreed to be sold. It is suggested that such injury is dependent upon a contingency, and that the court will not assume that the property will not sell for enough to pay the liens in full. The only ground upon which the appellant can assert that the decree entered by the circuit court is prejudicial to him is that it is uncertain whether the property will sell for enough to pay all, and therefore he may fail in receiving payment in full. Thus, if in this case the court had ordered the property sold, before passing upon the question of priority of payment, and the sale had realized enough to pay all the liens in full, any technical error committed by the circuit court in decreeing the order of payment would not have justified an appeal, because it would have worked no prejudice to any one. So if the trial court had, in the first instance decreed the order of payment, and an appeal had been taken, without superseding the execution of the decree, and before the case had been reached in the appellate court the property had been sold for enough to pay all the liens, and such fact had been made to appear upon a motion to dismiss, certainly the appellate court would not retain the case and determine the abstract questions of law arising upon the errors assigned. Courts will not consider merely moot cases. Therefore, to invoke the action of this court in reviewing the decree of the circuit court, the appellant is compelled to ask the court to recognize the possibility that the property may not sell for enough to pay the mortgages and his lien also; for it is only upon this theory that the decree complained of can work him an injury, and under such circumstances it is not open to the appellant to insist that a reversal of the decree and the awarding priority to his lien should be held to affect the rights and interests of the owner of the property

only contingently and remotely, and. that, therefore, the court can rightfully proceed with the case without the presence of the owner of the realty.

The absence of necessary parties is perhaps the more readily perceivable with regard to the mechanics' lienholders, who were adjudged to stand on an equality with the appellant. By the decree of the circuit court, it was determined that all the lienholders were entitled to share equally in the proceeds of the sale after the payment of costs, of $12 to appellant, and of the sums due the mortgagees. The appellant now seeks to have it declared that he is entitled to priority over the other lienholders. It is apparent that, if these parties had not been before the circuit court, its decree would not be binding upon them in this particular. That court had the right to adjudicate the question of priority between the several lienholders because they had been made parties to the proceeding, and had been duly served with process. The appellant now seeks to set aside the decree of the circuit court, and to have this court adjudicate anew the question of priority between the several lienholders, without bringing before this court the parties whose rights are to be passed upon and settled by the decree now sought by the appellant. The mortgagees have no interest in that question, and cannot represent the absent parties. Of the persons interested in the matter of priority between the lienholders, there is but one before the court, to wit, the appellant. Upon what theory can it be held that this court ought to proceed to consider the correctness of the decree of the circuit court on the question of the relative priorities of the several lienholders when none of them, save the appellant, would be bound by any decree we might enter? The reasons demanding the enforcement of the general rule that a court should not proceed in a case, unless all the parties whose interests will necessarily be affected by any decree that might be rendered are before the court, are well stated in Gregory v. Stetson, 133 U. S. 579, 10 Sup. Ct. Rep. 422. See, also, Coiron v. Millaudon, 19 How. 113; Ribon v. Railroad Co., 16 Wall. 446; Williams v. Bankhead, 19 Wall. 563.

In our judgment, under the facts of this case and in the absence of the owner of the realty and the several mechanics' lienholders who were adjudged by the circuit court to stand on an equality with appellant, this court should not proceed to adjudicate anew the questions of priority presented by the errors assigned by the appellant. There is, however, one question appearing on the face of this record in which the parties before this court are adversely interested, and which, being a manifest error, can be taken notice of under the provisions of the eleventh rule of this court. The decree, as part of the costs, awards the complainant the sum of $290 as attorneys' fees, the same being allowed under a provision in the mortgage which declares that, in the event of the foreclosure of the mortgage, a reasonable sum, to be determined by the court, shall be awarded as an attorney's fee in the cause. It has been settled by repeated decisions of the supreme court of the United States that the validity of provisions of this nature is a question of local law in which the federal courts are bound by the rule adopted by the supreme court of the state in which

the question arises. Thus, in Pendey v. Townsend, 109 U. S. 665, 3 Sup. Ct. Rep. 482, it is said:

"The decree below is therefore right in all respects, except in allowing a solicitor's fee of $100. The land is in Michigan, the notes and mortgage are made and payable in Michigan, and by the law of Michigan, as settled by repeated and uniform decisions of the supreme court of that state, a stipulation in a mortgage to pay an attorney's or solicitor's fee of a fixed sum is unlawful and void, and cannot be enforced in a foreclosure, either under the statutes of the state or by a bill in equity. * * * Upon such a question, affecting the validity and effect of a contract made and to be performed in Michigan, concerning land in Michigan, the law of the state must govern in proceedings to enforce the contract in a federal court held within the state. Brine v. Insurance Co., 96 U. S. 627; Insurance Co. v. Cushman, 108 U. S. 51, 2 Sup. Ct. Rep. 236; Smelting Co. v. Hall, 106 U. S. 86, 1 Sup. Ct. Rep. 128."

In Dodge v. Tulleys, 144 U. S. 451, 12 Sup. Ct. Rep. 728, the question came up in a case appealed from the circuit court for the district of Nebraska, wherein it was held that —

"There is a stipulation in the trust deed for the payment of an attorney's fee of $1,000, in case of foreclosure, but such stipulations have been held by the supreme court of Nebraska to be unauthorized. Dow v. Updike, 11 Neb. 95, 7 N. W. Rep. 857; Hardy v. Miller, 11 Neb. 395, 9 N. W. Rep. 475. It seems that in 1873 an act passed the legislature of Nebraska expressly authorizing in any written instrument for the payment of money a stipulation for not exceeding ten per cent. as an attorney's fee in case of suit. Gen. St. Neb. p. 98. This act was repealed in 1879. Laws Neb. 1879, p. 78. In the cases cited, the supreme court of the state held that by the repeal of the statute the contract right to recover attorneys' fees was taken away, so, as this court follows the decisions of the highest court of the state in such matters (Bendey v. Townsend, 109 U. S. 665, 3 Sup. Ct. Rep. 482,) the provision in the trust deed for the payment of $1,000 as attorneys' fees cannot be regarded as of binding force."

The court then proceeds to show that it is a general rule of equity that, when a trustee is called upon to discharge the duties of his trust, a reasonable allowance may be made him for the counsel fees incurred in the proper performance of the trust, and that the right of a court of the United States to make such allowance in a proper case cannot be limited or taken away by state legislation. In the case now before the court, the proceeding for the foreclosure is not brought by a trustee, but by the party directly interested as mortgagee, and the right to an attorney's fee is based only on the stipulation contained in the mortgage. The mortgage is upon realty situated in Nebraska, the debt secured thereby is payable in Nebraska, and the mortgagor is a resident of that state, and was such when the mortgage was executed. The validity of the provision for the allowance of an attorney's fee is therefore dependent upon the law of that state, and it is well settled that, since the repeal by the legislature of Nebraska of the act of 1873, an agreement for the allowance of an attorney's fee is invalid in all mortgages or other instruments executed since the repeal of that act. Dow v. Updike, 11 Neb. 95, 7 N. W. Rep. 857; Hardy v. Miller, 11 Neb. 395, 9 N. W. Rep. 475; Otoe Co. v. Brown, 16 Neb. 395, 20 N. W. Rep. 274; In re Breckinridge, 31 Neb. 489, 48 N. W. Rep. 142. It was clearly error, therefore, to allow any attorney's fee in this case, other than the $20 docket fee provided for in section 824, Rev. St. U. S. The decree appealed from will therefore be modified by disallowing the attorney's fee for $290, and in all other respects it will stand affirmed.