# HACKETT ET AL. v. LINCH ET AL.

(No. 2154; June 11, 1940; 103 Pac. (2d) 164)

For the appellants, the cause was submitted on the briefs of *Earl Dunlap* of Gillette and *John T. Milek* of Sturgis, S. D.

For the respondent, the cause was submitted on the briefs and oral argument of *E. E. Wakeman* of Newcastle.

RINER, Chief Justice.

This cause is before the court upon a motion to dismiss the appeal which was taken by some of the defendants in an action wherein partition was sought of certain lands located in Crook County, Wyoming. Briefs have been submitted here upon the merits of the litigation by both the appellants and respondent, as well as upon the motion aforesaid. The respondent Goodson additionally submitted oral argument through his counsel. The instant proceeding undertakes to bring before us questions touching the validity of an alias order of sale made in the case of the district court of Crook County, Wyoming, though, as a matter of fact, the appeal is actually undertaken from an order confirming the sale of the property involved.

The motion to dismiss will be disposed of first.

Briefly the following facts concerning this litigation may be noted in connection with which the motion aforesaid should be examined and ruling made concerning it: The partition suit above mentioned was begun by one Della Hackett in the ordinary way, making a number of the parties interested in the property affected parties defendant. Our examination of the record discloses that these defendants seem to have all appeared and filed an answer in the cause. Thereafter a decree was made and entered by the court above named, directing that partition of the property be had and determining the respective interests of the several parties in said property. We understand that since the

inception of the litigation some of the parties affected thereby have transferred their interests, or a portion of them at least, to other persons. Such transferees would under well known principles of law, of course, be bound by what had already been done in the action and were as well obligated to take notice of further steps taken in the cause under the same rules as would govern the original litigants.

The commissioners appointed to make partition appraised the property sought to be divided and reported that the land involved could not "be partitioned among the many parties without a manifest injury to the value thereof and it would be more profitable to all the parties concerned that the same be sold." This report was duly confirmed by the court. The sale of the land was ordered. Several efforts were apparently made to dispose of the property, with no result. Finally, an order of court was made on April 21, 1939, directing the issuance of an alias order of sale of this property, the disposal thereof to be at public auction. No one appears to have objected or excepted to this order. Under it a sale of the property was had for a cash sum, which was paid over to the sheriff of Crook County, and that sum now remains in his hands subject to disposition through court order. Thereafter, objections were filed by one of the defendants and by Cecelia Schloredt, who is alleged to be "a tenant in common and joint owner with the other parties to the action," opposing the confirmation of said sale. These objections were heard by the court and an order was entered by it on August 3, 1939, confirming said sale, the order so directing providing among other things "that the Court shall, and does hereby, reserve jurisdiction herein for the purpose of distributing the proceeds of said sale to the parties entitled thereto, and to tax costs and expenses accrued and to accrue herein in accordance with equity." To this order the part is filing objections to the confirma-

tion of said sale, as aforesaid, reserved their due exception. It is this order also from which the parties last mentioned have prosecuted the direct appeal proceeding which has brought the cause here.

Respondent Goodson presents several grounds for his motion to dismiss and urges them as meritorious, and requiring that said motion should be sustained. Of these grounds but one need be considered, viz., that which states that "a number of the defendants, who were parties in this proceeding in the District Court of Crook County, Wyoming, and particularly the following defendants, to-wit: Charlie Linch, Margaret Mearns (or Mary Mearns), Ruth Detwiler and Elizabeth Schulte, who were parties defendant in the District Court, and who are interested in the subject matter of this action, and who are necessary parties to this appeal, have not been made parties hereto and have not been served with notice of appeal herein."

Before proceeding to a consideration of the point thus pressed upon us, it may be observed that in McRoberts v. Lockwood, 49 Ohio State 374, also an action to obtain the partition of certain real property, the Supreme Court of Ohio, from which last mentioned state our statutes relative to actions in partition are in large measure borrowed, has said:

"The judgment, or decree, from which an appeal may be taken, is that which finally determines the rights of the parties. In an action to obtain the partition of real estate, the judgment that finds the parties to be tenants in common, ascertains and declares the share of each and orders the shares so found to be aparted to their several owners, is the one that determines the rights of the parties, and it is from this decree that an appeal in this class of actions may be taken."

And in Browne, Assignee, v. Wallace, Assignee, 16 Ohio Circuit Court 124, the court there remarked:

"An order confirming a sale, where there is no ad-

judication as to priorities, but merely a finding that the proceedings for the sale were regular and in accordance with the order for sale, is not a final order, and an appeal from it will not lie."

In this connection it may properly be noted that the Ohio law in the respect above mentioned would appear since the foregoing cases were decided to have been changed. See Johnston v. Deaton, 105 Ohio State 285, 137 N. E. 10. There may be some doubt as to whether under the circumstances appearing in this case, where the trial court has expressly reserved jurisdiction to determine who is entitled to the proceeds of the sale, the order of confirmation merely expressing the conclusion that the sale was legally made should be regarded as a final order so as to give this court jurisdiction to review it at this time. However that may be, we are reasonably satisfied that there is a defect of parties to this appeal. 47 C. J., Page 591, Section 869, says:

"Ordinarily an appellate court will not review partition proceedings unless all parties below are also parties to the appellate proceedings."

In Clark v. Zaleski, 268 Ill. 427, 109 N. E. 321, a partition suit where some of the parties to the decree of partition were not brought before the appellate court in due form, this was said:

"There is another reason why this writ of error must be dismissed. In addition to plaintiff in error, Zaleski, Rundall, Elliott, Jacob Glos, Timke, as trustee, the Central Trust Company of New York, as trustee, Lane, and others were made parties defendant to the original bill, all of whom, except the plaintiff in error, were parties to the decree and bound by its provisions. None of these parties have appeared in this court and joined in the assignment of errors with plaintiff in error, or assigned error upon the record in this court. Neither has there been a severance, making parties defendant those who do not join in the writ of error in the manner

provided by the statute. Hurd's Stat. 1913, c. 110, § 97. This is essential in order to enable this court to entertain this writ of error. The rule is elementary that a cause will not be heard piecemeal—at one time as to one party and at another time as to another party—and that all persons who are parties to the judgment or decree in the court below must be parties to the record in this court, so that the whole case may be heard and disposed of, as to all parties to the record, at the same time. While the statute permits a plaintiff in error to join his coplaintiffs or codefendants with him in a writ of error without their consent, it does not dispense with the necessity of a severance of their interests and making them parties defendant in the event they refuse to appear and join in the writ of error and assign errors upon the record."

In Pioneer Canal Company v. Akin, 27 Wyo. 88, 192 P. 680, 193 P. 734, a case brought "to establish the several priorities of right to the use of the waters of the Big Laramie River and its tributaries" and in some respects analogous to the situation we now have at bar, this court declared that:

"Each party, to a certain extent at least, becomes an adversary of every other party. The rule as stated in Dodson v. Fletcher, 78 Fed. 214, on page 215, 24 C. C. 9, 69, 70, is as follows:

" 'All the parties to a suit or proceeding who appear from the record to have an interest in the order, judgment, or decree challenged in the appellate court must be given an opportunity to be heard there before that court will proceed to a decision upon the merits of the case. (Masterson v. Herndon, 10 Wall. 416; Hardee v. Wilson, 146 U. S. 179, 181, 13 Sup. Ct. 39; Davis v. Trust Co., 152 U. S. 590, 14 Sup. Ct. 693; Gray v. Havemeyer, 10 U. S. App. 456, 3 C. C. A. 497, and 53 Fed. 174, 178; Farmers Loan & Trust Co. v. McClure, (Decided by this court January 25, 1897,) 78 Fed. 211.) The reasons for this rule are that the successful party may be at liberty to enforce his judgment, decree, or order without delay against those parties who do not desire to have it reviewed, and that the appellate court

may not be required to decide the same question more than once upon the same record.' "

And the motion to dismiss made in the case was sustained.

Similarly in the partition suit of Reed v. Allison, 61 Cal. 461, the court indicated that:

"The case arises out of an action of partition in which the parties to the action are all actors or plaintiffs, each against each and all others. The case comes before us on appeal from the final judgment. On such an appeal it is necessary that notice of appeal should be served upon all the parties respondent, else the appeal will be ineffectual (Senter v. De Bernal, 38 Cal. 638) ; and, because, as it is contended, notice of the appeal has not been served upon some of the respondents, nor their attorneys, a motion is made to dismiss the appeal."

The Supreme Court of Iowa in Hunt v. Hawley, 70 Iowa 183, 30 N. W. 477, in a partition action in that state, has ruled that:

"This statute requires that, where one of a number of defendants appeal, notice of the appeal must be served on the co-defendants. But whether it should be so construed in all cases we do not determine. It certainly should be, we think, in an action for partition of real estate, where one defendant seeks a modification of a judgment which will prejudicially affect the co-defendants. It is apparent that, although this action is triable de novo in this court, we cannot grant the relief asked by the appellant, or direct the court below to do so, simply for the reason that the defendants other than the appellant are not parties to this appeal. We therefore cannot do anything which will prejudicially affect them. It is therefore useless to go through the idle form and ceremony of considering the merits of this action, when we are powerless to render any judgment other or different from that entered in the court below."

See also Benbow v. Garrard, 130 Ind. 571 , 39 N. E. 162; Gay v. Marionneaux, 20 La. Ann. 359.

From the record in the case at bar it is evident that

some of the defendants in the action have not been brought into this proceeding as above pointed out. They should have been made parties in the usual way. Counsel for appellants tacitly admit the fact of their omission and the course and force of the authorities dealing with the matter, but say that under the rule announced in Wyoming Hereford Ranch v. Hammond Packing Company, 31 Wyo. 31, 222 P. 1027, to the effect that "an appealing party 'is required to notify all other parties who are interested in opposing the relief which he seeks by his appeal, if they have formally appeared in the action in the court below,' Senter v. De Bernal, 38 Cal. 642," that "only the parties appearing are the ones concerned in the appeal."

The trouble with this contention is that counsel would seem to have overlooked the fact that all the defendants, including those omitted from service of process in this proceeding, appeared and filed answers to the petition in the district court in this case. It is indeed true that these omitted defendants did not object to either the order of sale or the order of confirmation, but that fact does not alter the rule which must govern here and now. Under the authorities reviewed and cited hereinabove, such defendants are "all actors or plaintiffs, each against each and all others." Anything of consequence done in the action, such as a setting aside of an order of confirmation of the sale or the sale itself, the end sought to be accomplished through this appeal, would naturally affect them and they have a right to be heard and their rights protected in this proceeding. We are, therefore, obliged to sustain the motion to dismiss. There are other grounds and other reasons which also lead to a like result, but we deem it unnecessary to lengthen this opinion in order to supply them.

We may add, too, that on the merits of the appeal upon the record, which we have necessarily been

obliged to examine in connection with our study of the motion to dismiss, we are satisfied that an affirmance of the order appealed from would be required. There is no intimation that the sale was improvident or that a larger amount of money could be obtained if a resale were ordered. The rights of the parties in the sale proceeds, as we see it, can quite as satisfactorily be determined after as before sale. The appeal will accordingly be dismissed.

*Dismissed.*

KIMBALL and BLUME, JJ., concur.