**CITIZEN BAND POTAWATOMI INDIAN TRIBE OF OKLAHOMA, a federally recognized Indian Tribe, Plaintiff–Appellant,**

v.

**L.W. COLLIER, Jr., in his official capacity as the Area Director of the Anadarko Area Office of the Bureau of Indian Affairs, Department of the Interior, Defendant–Appellee.**

No. 93–6042.

United States Court of Appeals, Tenth Circuit.

Feb. 25, 1994.

Michael Minnis (David McCullough with him on the brief), Michael Minnis & Associates, Oklahoma City, Oklahoma, for Plaintiff–Appellant.

Jacques B. Gelin, Attorney, Department of Justice (and Myles E. Flint, Acting Assistant Attorney General, Washington, D.C., Joe Heaton, United States Attorney, and M. Kent Anderson, Assistant United States Attorney, Oklahoma City, Oklahoma, Edward J. Shawaker and Glen R. Goodsell, Attorneys, Department of Justice, Washington, D.C., and M. Sharon Blackwell and Keith S. Francis, Office of the Field Solicitor, Department of the Interior, Tulsa, Oklahoma, with him on the brief) for Defendant–Appellee.

Before KELLY and McKAY, Circuit Judges, and ROGERS, District Judge.[†]

PAUL KELLY, Jr., Circuit Judge.

Plaintiff-appellant Citizen Band Potawatomi Indian Tribe of Oklahoma appeals from dismissal of its suit against the Bureau of Indian Affairs for failure to join an indispensable party. Fed.R.Civ.P. 12(b)(7), 19. We have jurisdiction under 28 U.S.C. § 1291 and we reverse.

## Background

Pursuant to 25 U.S.C. § 465, the Bureau of Indian Affairs (BIA) has the power to grant trusts of land to proper Indian applicants. An 1872 Act of Congress specifically grants power to the Secretary of the Interior to allot land within the Potawatomi reservation in Oklahoma to an individual Absentee–Shawnee who fulfills certain conditions. Act of May 23, 1872, ch. 206, 17 Stat. 159 (1872). According to 25 C.F.R. § 151.8, however, the BIA may not grant lands comprising part of an Indian reservation without the consent of the Indian tribe that has jurisdiction over the affected reservation, unless the applicant tribe or individual Indian "already owns an undivided trust or restricted interest in the parcel of land to be acquired."

Upon learning of possible pending applications of the Absentee–Shawnee for land trusts on the Potawatomi reservation, the Potawatomi tribe wrote the BIA to inquire about the existence of any such applications. The BIA responded by neither affirming nor denying the existence of any applications and opined that, in any case, the Potawatomi and the Absentee–Shawnee "share a common former reservation area" and that the BIA therefore need not obtain the Potawatomis' consent to grant land trusts to the Absentee–Shawnee involving Potawatomi reservation land.

The Potawatomi tribe sued the BIA for declaratory relief, seeking a declaration that the BIA obtain its consent before granting any trusts of land on its reservation lands. When the Potawatomi learned that Absentee–Shawnee applications were in fact pending with the BIA, the Potawatomi tribe amended its complaint to include mandamus relief requiring the BIA to obtain its consent with regard to the pending applications. The BIA moved to dismiss the action under Rule 12(b)(7) for failure to join the Absentee–Shawnee tribe as a necessary party to the dispute, and alternatively on the grounds that the Potawatomi tribe had not exhausted its administrative remedies. The district court dismissed the action on the former ground, not reaching the latter.

## Discussion

We review a Rule 12(b)(7) dismissal for abuse of discretion. See Navajo Tribe of Indians v. New Mexico, 809 F.2d 1455, 1471 (10th Cir.1987). The proponent of a motion to dismiss under 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence. Ilan–Gat Eng'rs, Ltd. v. Antigua Int'l Bank, 659 F.2d 234, 242 (D.C.Cir.1981); Martin v. Local 147, Int'l Bro. of Painters, 775 F.Supp. 235, 236–37 (N.D.Ill.1991); Ashley v. American Airlines, Inc., 738 F.Supp. 783, 788 (S.D.N.Y.1990). The proponent's burden can be satisfied by providing "affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence." Martin, 775 F.Supp. at 236 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1359, at 427 (1990)).

In support of its 12(b)(7) motion, the BIA offered a letter from the Area Director of the BIA, defendant-appellee L.W. Collier Jr., stating the BIA's position that the Potawatomi tribe and the Absentee–Shawnee tribe "share a common former reservation." Aplt. Br. at 2. The BIA offered no other evidence of the Absentee–Shawnee's interest in the reservation lands. Standing alone, this is not sufficient to satisfy the BIA's burden of demonstrating the nature of the Absentee–Shawnee tribe's interest in the

[†] The Honorable Richard D. Rogers, Senior United States District Judge for the District of Kansas, sitting by designation.

subject property. On appeal, the BIA offers a copy of the 1872 Act giving the Secretary of the Interior the power to grant allotments to members of the Absentee–Shawnee tribe who fulfill certain requirements. This evidence is irrelevant as well as untimely.

The 1872 Act does not create any "undivided trust or restricted interest" of the Absentee–Shawnee tribe in the Potawatomi tribe's land for purposes of 25 C.F.R. § 151.8. It merely grants the Secretary of the Interior the power to allot land to *individual* Absentee–Shawnee tribesmen. The Act does not mention any power to allot lands to the Absentee–Shawnee collectively as a *tribe.* Moreover, as the Potawatomi tribe correctly point out in its brief, this "interest" is merely an expectation of the Absentee–Shawnee tribe that the BIA will evaluate their applications as they would Potawatomi applications. This expectation is not a legally protected interest for purposes of 12(b)(7) necessary party analysis. Until the BIA actually approves an individual Absentee–Shawnee application, this "interest" is inchoate.

In the absence of evidence showing the nature of the Absentee–Shawnee tribe's interest in Potawatomi land, the BIA failed to sustain its burden with respect to its motion under 12(b)(7). For this reason the district court abused its discretion in dismissing the action. Accordingly, the order of dismissal is REVERSED and the case is REMANDED for further proceedings.