# IN THE SUPREME COURT, STATE OF WYOMING

## 2023 WY 8

**OCTOBER TERM, A.D. 2022**

**January 26, 2023**

ROBERT M. ROBERTS,

Appellant
(Plaintiff),

v.

S-22-0136

BENJAMIN and KALLIE ROBERTS,

Appellees
(Defendants).

*Appeal from the District Court of Campbell County*
*The Honorable Stuart S. Healy, III, Judge*

*Representing Appellant:*
    *C. John Cotton, Cotton Law Office, PC, Gillette, Wyoming.*

*Representing Appellees:*
    *Curtis B. Buchhammer, Buchhammer & Ward, P.C., Cheyenne, Wyoming.*

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Chief Justice.**

[¶1]    Robert M. ("Mike") Roberts was invited by his son, Benjamin ("Ben") Roberts, to his house to watch fireworks. The family went to the back porch and Mike[1] stepped off the edge of the porch and fell, injuring his shoulder and foot. Mike sued the homeowners, Ben and Kallie Roberts. The jury returned a verdict finding Ben and Kallie not negligent. Mike appeals and we affirm.

## *ISSUES*

[¶2]    Mike presents two issues on appeal:

1.  Did the district court abuse its discretion by barring Ben and Kallie's testimony regarding whether a hypothetical hole should have been filled?

2.  Did the district court abuse its discretion by allowing testimony regarding Mike's alcohol consumption on the day of the accident?

## *FACTS*

[¶3]    On Friday, August 16, 2019, Mike was at his son and daughter-in-law's house when he fell and was injured. Mike had spent the day doing yard work around his house, working most of the morning before taking a break around noon to have lunch and a beer. He stopped again around 3:00 p.m. for a snack and another beer. At around 5:00 p.m., Mike cleaned up and had a light meal before heading to his son's house to watch the fireworks. He packed a cooler with six to eight "tall boys" and drove with his wife to his son's house.

[¶4]    Mike arrived around 8:50 p.m., ate dinner, had anywhere from a few sips of beer to two full beers,[2] and followed his wife, daughter-in-law, and son onto the deck for the fireworks display. As Mike stepped onto the deck, he took two steps to the right and stepped off the deck which was about ten inches above the ground. Mike testified something trapped his foot once he hit the ground causing him to fall forward. As he fell, he felt two pops in his ankle and foot, then landed forcefully on his right shoulder. Mike was taken to the hospital via ambulance where he was instructed to see a specialist for both injuries. A short time later, Mike had surgeries to repair his foot and install a partial shoulder replacement. Mike filed suit alleging his son negligently maintained his yard which caused his injury.

---

[1] Because the parties share the same last name, we refer to them by their preferred first names.
[2] The amount of beer Mike consumed is disputed. Mike's testimony is he had one sip of beer but Ben and Kallie contend he had one and a half to two beers.

[¶5]    Several evidentiary issues arose pretrial; two are relevant on appeal. Ben and Kallie filed a motion in limine to exclude testimony relating to a hypothetical hole. The district court granted the motion holding any such testimony went to the standard of care and was inadmissible. Mike filed a motion to exclude any testimony relating to his intoxication or drunkenness. The motion was granted in part and denied in part. Evidence was allowed regarding Mike's alcohol consumption that day, but testimony as to whether Mike was legally intoxicated was not. Mike argues both district court rulings were an abuse of discretion.

## *STANDARD OF REVIEW*

[¶6]    A trial court's ruling on an evidentiary issue is entitled to considerable deference and reviewed for abuse of discretion; it will not be overturned unless the ruling lacks a legitimate basis. *Lackey v. Lackey*, 2022 WY 22, ¶ 32, 503 P.3d 92, 98 (Wyo. 2022) (citing *Jontra Holdings Pty Ltd v. Gas Sensing Tech. Corp.*, 2021 WY 17, ¶ 58, 479 P.3d 1222, 1239 (Wyo. 2021)). We need only consider whether the trial court could reasonably conclude as it did. *Jontra*, 2021 WY 17, ¶ 58, 479 P.3d at 1239 (citing *Matter of LDB*, 2019 WY 127, ¶ 43, 454 P.3d 908, 921 (Wyo. 2019)).

## *DISCUSSION*

### I.  The district court properly excluded standard of care testimony.

[¶7]    Mike argues that Ben and Kallie's testimony regarding whether a hypothetical hole should be filled is an admission by a party opponent and the district court erred in refusing to admit the statement into evidence. *See* Wyoming Rule of Evidence 801(d)(2). Hearsay is generally inadmissible, but a statement is not hearsay if it "is offered against a party and is . . . his own statement . . . ." *Id.* In depositions, both Ben and Kallie were asked "[i]f this hole were there before Mike fell, you should have discovered it and fixed it?" to which they both agreed. This testimony was barred by the district court, not on grounds that it was hearsay but because the testimony went to the standard of care. The trial court did not abuse its discretion by barring the testimony.

**A. An admission of a party opponent under W.R.E. 801(d)(2) is not necessarily admissible.**

[¶8]    Mike first argues that all admissions of a party opponent are admissible. That is not the case. Federal courts have expressly analyzed whether Fed. R. Evid. 801(d)(2) is subject to scrutiny under other rules of evidence.[3] *Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 763 (7th Cir. 2003); *Mister v. Northeast Ill. Commuter R.R. Corp.*, 571 F.3d 696, 699

---

[3] Federal courts' interpretation of rules of evidence are highly persuasive where the rule is analogous to that of Wyoming's rules, which is the case here. *Cook v. State*, 7 P.3d 53, 58 (Wyo. 2000); *compare* W.R.E. 801(d)(2), *with* Fed. R. Evid. 801(d)(2).

(7th Cir. 2009). "[R]ules calling for generous treatment of party-opponent admissions still do not stand for the proposition that Rule 801(d)(2) trumps *all other* Federal Rules of Evidence." *Aliotta*, 315 F.3d at 763 (emphasis in original) (holding admissions by a party opponent are still subject to other rules of evidence, including Fed. R. Evid. 403, 701, 702, etc., to determine admissibility); *see also Mister*, 571 F.3d at 699 ("After statements are classified as non-hearsay under Rule 801(d)(2)(D), 'the question remains whether there are other objections.'"). Even assuming the disputed statements were the admissions of a party opponent, they must survive scrutiny under other applicable rules of evidence.

## B. Lay witness cannot testify to standard of care.

[¶9]     "It is well-established that the court instructs the jury as to the rules of law and that the jury applies the facts as they find them to those rules." *United States v. Grismore*, 546 F.2d 844, 849 (10th Cir. 1976) (citing *Delli Paoli v. United States*, 352 U.S. 232, 77 S.Ct 294 (1957), *overruled on other grounds by Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968)); *see also Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988) ("It is not for witnesses to instruct the jury as to the applicable principles of law, but for the judge." (quoting *Marx & Co. v. Diners' Club Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977))); *United States v. Shamo*, 36 F.4th 1067, 1078 (10th Cir. 2022), *cert. denied*, 143 S.Ct. 333 (2022). Even an expert witness may only testify to an ultimate issue if it is necessary to "assist the trier of fact in understanding the evidence or in determining a factual issue." *Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1328 (10th Cir. 1998) (citing *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 647-48 (10th Cir. 1991)). An expert witness cannot state legal conclusions by applying the law to the facts because such testimony is "devoid of helpfulness to the trier of fact." *United States v. Simpson*, 7 F.3d 186, 189 (10th Cir. 1993); *see also Okland Oil Co.*, 144 F.3d at 1328 (citing *A.E. By & Through Evans v. Indep. Sch. Dist. No. 25, of Adair Cnty., Okla.*, 936 F.2d 472, 476 (10th Cir. 1991)).

[¶10] Testimony to the standard of care is unnecessary and unhelpful when it involves matters an average juror can understand. *Cramer v. Powder River Coal, LLC*, 2009 WY 45, ¶ 43, 204 P.3d 974, 985 (Wyo. 2009) (holding opinion testimony regarding violation of building code was inadmissible where the regulations determining the standard of care could be understood by a jury without further explanation); *Hulse v. First Am. Title Co.,* 2001 WY 95, ¶ 60 n.9, 33 P.3d 122, 141 n.9 (Wyo. 2001) (holding expert testimony was unnecessary where statutes defining the standard of care for real estate professionals were clear and testimony to further explain the standard to the jury was unhelpful); *Tozzi v. Moffett*, 2018 WY 133, ¶ 36, 430 P.3d 754, 764 (Wyo. 2018); *Vassos v. Roussalis*, 625 P.2d 768, 772 (Wyo. 1981) ("When the circumstances in which the fictitious reasonable person acts are within the common knowledge of the jury, the jury does not need assistance in comprehending the standard fixed by the court."). Further, opinion testimony that invades "the field of common knowledge[,] . . . concerns matters of common sense, or is directed towards lay matters that the trier of fact can understand on its own, is inadmissible

3

since the trier of fact is not assisted in resolving the issues by such testimony." 31A. Am. Jur. 2d *Expert and Opinion Evidence* § 30 (2012).

[¶11]  Testimony is also inadmissible when a jury is as competent to form an accurate opinion as the witness or when a layperson's normal experiences permit them to draw proper conclusions from the facts. *Id.* Opinion testimony may not "usurp the role of the court in determining the applicable law" as this testimony "does not aid the jury in making a decision; rather, it undertakes to tell the jury what result to reach and thus attempts to substitute the expert's judgment for the jury's." *Id.* at § 97. The rationale is equally applicable to lay witness testimony. *McGill v. State*, 2015 WY 132, ¶ 10, 357 P.3d 1140, 1144-45 (Wyo. 2015) ("Lay opinion testimony will not be helpful to the jury when the jury can *readily* draw the necessary inferences and conclusions without the aid of the opinion. . . . providing assurance against the admission of opinions which would merely tell the jury what result to reach." (quoting *United States v. Diaz-Arias*, 717 F.3d 1, 12 (1st Cir. 2013))) (emphasis in original).

[¶12]  The standard of care in this case is quite simple and set forth in the jury instruction: the owner of a property must "act as a reasonable person in maintaining the property in a reasonably safe condition in view of all the circumstances[.]" The record in this case did not clearly establish that a hole existed. Ben and Kallie's testimony regarding whether a hole, if it existed, should have been filled, would only have added to this reasonable person standard as to proper yard maintenance. This knowledge is well within the common knowledge of the jury and does not need further explanation.

[¶13]  In *Cramer*, the Court did not allow standard of care testimony regarding building regulations because a jury could reasonably understand the regulations and apply the standard of care identified in the regulations to the actions of the builder. 2009 WY 45, ¶ 43, 204 P.3d at 985. The district court judge in this case supplied the standard of care to the jury through a jury instruction. The jury could determine whether premise owners' actions violated the standard of care without additional explanation. Any additional testimony to the standard of care was unhelpful and unnecessary.

[¶14]  Mike cites several out-of-state cases to support his argument that admissions by party opponents are admissible without meeting other evidentiary requirements. *See Hassan v. Williams*, 251 A.3d 370, 378-82 (N.J. App. Div. 2021), *cert denied*, 258 A.3d 357 (N.J. 2021); *Parker v. Poole*, 111 A.3d 101, 108-09 (N.J. 2015). Mike argues *Hassan* and *Parker* stand for the proposition a party-opponent admission is exempt from the personal knowledge requirement and trustworthiness considerations, making the statements admissible. *Hassan*, 251 A.3d at 381; *Parker*, 111 A.3d at 108-09. Yet, *Hassan* explicitly states that such opinions must still be helpful to the jury and involves an expert witness testifying to whether the defendant violated trucking safety regulations. 251 A.3d at 379. And *Parker* involved a treating doctor's testimony regarding the cause of a patient's

4

sepsis, again addressing a different issue than the one before this Court. *Parker*, 111 A.3d at 106. In both cases, testimony was found helpful to the jury; that is not the case here.

[¶15] The opinion of a lay witness cannot dictate the standard of care, and testimony opining whether a hypothetical hole should have been filled would have been unhelpful to the jury. The court instructs on the standard of care and the jury is charged with applying the law to the facts. The district court did not abuse its discretion when it refused to allow lay witness testimony.

## *II. The district court did not abuse its discretion when it admitted evidence of Mike's alcohol consumption.*

[¶16] Mike next argues the district court abused its discretion in admitting testimony relating to his alcohol consumption on the day of the accident. Mike argues any testimony relating to alcohol consumption was irrelevant or, in the alternative, any relevance was substantially outweighed by undue prejudice and should be precluded under W.R.E. 403. We disagree.

## A. W.R.E. 401

[¶17] Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." W.R.E. 401. Mike's argument that his alcohol consumption on the day of the accident is irrelevant is unpersuasive. We have previously concluded that alcohol consumption on the day of an accident is admissible evidence, while more technical determinations by a lay witness, such as alcoholism, are not admissible. *See Banks v. Crowner*, 694 P.2d 101, 103-04 (Wyo. 1985) (admitting "evidence which indicated the amount of alcohol appellee consumed and its effect on him before the accident" was not error); *Wise v. Ludlow*, 2015 WY 43, ¶¶ 35-37, 346 P.3d 1, 10-11 (Wyo. 2015) (holding that evidence the plaintiff had consumed alcohol which impaired her judgment was sufficient to support a jury finding she was partially at fault for her injuries when she was, or should have been aware, the driver consumed a substantial amount of alcohol); *Mickelson v. State*, 2012 WY 137, ¶ 13, 287 P.3d 750, 754 (Wyo. 2012) ("Testimony concerning a defendant's intoxication is admissible lay witness opinion testimony as long as the witness states the facts on which the opinion is based." (citing *Wilks v. State*, 2002 WY 100, ¶ 23, 49 P.3d 975, 985 (Wyo. 2002))).

[¶18] Here the evidence was relevant because one fact of consequence was whether Mike stepped off the deck or stumbled off the deck. The jury was confronted with competing theories on causation; Mike stumbled off the deck due to his alcohol consumption and injured himself or Mike stepped off the deck into a hole that caused him to fall and injure

5

himself. Testimony to his alcohol consumption would make one theory more or less likely to be true.

[¶19] Mike argues there were no signs he was impaired or legally intoxicated and therefore the evidence was inadmissible. This argument, however, goes to the weight a jury should give the evidence, rather than the admissibility of the evidence. *See Wilks*, 2002 WY 100, ¶ 25, 49 P.3d at 986; *Springfield v. State*, 860 P.2d 435, 444 (Wyo. 1993) (holding that, once a preliminary showing of reliability is established, factual determinations should rarely be excluded from the jury and "the jury should be allowed to make its own factual determination as to whether the evidence is reliable" (quoting *United States v. Jakobetz*, 955 F.2d 786, 800 (2d Cir. 1992))).

[¶20] In *Wilks*, whether the defendant was intoxicated at the time of the murder was an important issue at trial. 2002 WY 100, ¶ 22, 49 P.3d at 985. Over the defendant's objection, the district court allowed a Pizza Hut employee who spoke on the phone with the defendant shortly before the murder to testify whether the defendant displayed common signs of intoxication. The defendant argued the Pizza Hut employee was not able to accurately determine whether he was intoxicated at the time of the phone call. *Id.* at ¶¶ 22, 25, 49 P.3d at 985-86. The district court disagreed and allowed the witness to testify that the defendant gave meticulous directions to his home, spoke clearly, and did not express any confusion over his order, in support of the conclusion the defendant was not intoxicated. *Id.* at ¶ 24. We affirmed the district court's decision, holding it was the jury's function to determine the weight of the testimony. *Id.* at ¶ 25. *See also State v. Cantrell*, 186 P.2d 539, 541, 546 (Wyo. 1947) (allowing witnesses in a manslaughter case to testify that the defendant was staggering, struggled to speak clearly, and smelled like alcohol, in support of the State's argument the defendant was intoxicated).

[¶21] Mike similarly argues that Ben and Kallie were unable to establish he was intoxicated, which should have precluded testimony of his alcohol consumption. While the court barred Ben and Kallie from opining to whether Mike was intoxicated, it ruled, like in *Wilks*, facts regarding Mike's alcohol consumption, such as how many beers Mike brought to their home and how many he drank there, were relevant and admissible. *See id.* at ¶¶ 24-25. It is the jury's duty to weigh the facts the witnesses observed. *See id.* at ¶ 25. His alcohol consumption tended to make a fact of consequence more or less likely to be true and was therefore relevant and admissible under W.R.E. 401 and 402.

**B. W.R.E. 403**

[¶22] Mike lastly argues that his alcohol consumption should not have been admitted because the probative value was substantially outweighed by potential unfair prejudice. Specifically, Mike argues Ben and Kallie used the evidence of alcohol consumption to pursue a "character assassination" of Mike. When a party claims testimony is unduly prejudicial under W.R.E. 403, "he must demonstrate that the evidence had little or no

6

probative value and that it was extremely inflammatory or introduced for the purpose of inflaming the jury." *Garrison v. State*, 2018 WY 9, ¶ 30, 409 P.3d 1209, 1218 (Wyo. 2018) (quoting *Law v. State*, 2004 WY 111, ¶ 15, 98 P.3d 181, 187 (Wyo. 2004)). The record does not support this argument.

[¶23]   The district court is given wide latitude to make evidentiary decisions. It determined the evidence's probative value was not substantially outweighed by potential prejudice. Mike fails to offer a legitimate reason why the evidence has little to no probative value. *See id.* at ¶ 30, 409 P.3d at 1218. In fact, the defense theory appeared to rest in part on Mike having consumed enough alcohol that he stumbled off the deck which caused his injury. That issue would be dispositive of the entire case and therefore carries significant probative value. Mike also fails to offer anything more than his assertion that the evidence was used to inflame the jury. While prejudice may have occurred, the Court limited the alcohol consumption evidence to what Ben and Kallie perceived. The record does not support the contention that Ben and Kallie conducted a "character assassination" of Mike with the evidence.

[¶24]   In *Furman v. Rural Elec. Co.*, we held it was not error to allow a toxicology report into evidence, over a W.R.E. 403 objection, that showed the deceased had amphetamines and marijuana in his system at the time of death. 869 P.2d 136, 140-41 (Wyo. 1994). In that case, an employee of an electrical company died while raising an aluminum pole next to a high-voltage power line, which he touched with the metal pole, electrocuting himself. *Id.* at 139. The district court determined the toxicology report was probative of the company's theory that the decedent was impaired, and his impaired conduct could have been the cause of his death. *Id.* at 140-41. We affirmed the court's determination that the probative value was not substantially outweighed by unfair prejudice. *Id.* at 141. Similarly, in this case, evidence of alcohol consumption was presented to support the theory that Mike's impairment caused him to stumble off the deck and injure himself, rather than the homeowners' alleged negligence.

[¶25]   The district court could reasonably conclude Mike's alcohol use had probative value, not substantially outweighed by unfair prejudice. The district court did not abuse its discretion by allowing evidence of alcohol consumption.

### *CONCLUSION*

[¶26]   A party-opponent admission is not absolutely admissible and must still survive scrutiny under our other rules of evidence. The statements at issue did not survive this scrutiny and the district court did not abuse its discretion in barring the statements. Further, the district court did not abuse its discretion in admitting evidence related to Mike's alcohol consumption. We affirm.