# IN THE SUPREME COURT, STATE OF WYOMING

## 2023 WY 25

OCTOBER TERM, A.D. 2022

March 28, 2023

IN THE MATTER OF THE ESTATE
OF MARY MAE FISHER, deceased:

DWIGHT LYMAN and BETTY L.
LYMAN, Trustees of the Dwight Lyman
Living Trust dated November 11, 2016,
and BETTY L. LYMAN and DWIGHT
LYMAN, Trustees of the Betty L.
Lyman Living Trust dated November
11, 2016,

Appellants
(Petitioners),

v.

GEORGE WAYNE FISHER,

Appellee
(Personal Representative).

        and

DWIGHT LYMAN and BETTY L.
LYMAN, Trustees of the Dwight Lyman
Living Trust dated November 11, 2016,
and BETTY L. LYMAN and DWIGHT
LYMAN, Trustees of the Betty L.
Lyman Living Trust dated November
11, 2016,

Appellants
(Petitioners),

v.

S-22-0105

S-22-0182

GEORGE WAYNE FISHER,
individually and as Personal
Representative of the Estate of Mary
Mae Fisher;

Appellee
(Respondent).

*Appeal from the District Court of Johnson County*
The Honorable William J. Edelman, Judge

*Representing Appellants:*
>    Mitchell H. Edwards, Nicholas & Tangeman, LLC, Laramie, Wyoming; Marshall E. Keller, Keller Law Firm, P.C., Thermopolis, Wyoming. Argument by Mr. Edwards.

*Representing Appellee:*
>    Anthony T. Wendtland, Wendtland, & Wendtland, LLP, Sheridan, Wyoming.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]  Dwight Lyman and Betty L. Lyman, as Trustees of the Dwight Lyman Living Trust and the Betty L. Lyman Living Trust (Lyman Trust), owned a parcel of real property as tenants in common with George Fisher (George) and a second parcel in common with George's deceased parents.  Acting on his own behalf and as personal representative of his parents' estates, George sold their interests in the two parcels to the Robert B. Childs Living Trust (Childs Trust).  Lyman Trust petitioned the district court to partition the parcels and moved the probate court to set aside the sale.  The probate court denied Lyman Trust's motion, and the district court dismissed Lyman Trust's partition petition without prejudice because it had failed to join Childs Trust as a required party.  We dismiss Lyman Trust's appeal of the probate court's actions for lack of standing and reverse and remand the district court's dismissal of the partition action.

## ISSUES

[¶2]  The dispositive issues are:

1.  Did Lyman Trust have standing in the Fisher probate action?

2.  Did the district court err by dismissing Lyman Trust's partition action?

    a.  Did George improperly transfer his and his parents' estates' interests in the real property while Lyman Trust's partition action was pending?

    b.  Was Lyman Trust required to join Childs Trust in the partition action after Childs Trust purchased George's and his parents' estates' interests in the co-owned property?

    c.  Is dismissal the appropriate remedy for failure to join a required party?

## FACTS

[¶3]  Winfield and Mary Fisher, and their son, George, lived in New Jersey but owned, as tenants in common with Lyman Trust, two parcels of real property located in the Big Horn Mountains of Johnson County, Wyoming (Parcels 1 and 2).  Winfield and Mary, as husband and wife (tenants by the entireties), and Lyman Trust owned undivided 50 percent interests in Parcel 1; George and Lyman Trust owned undivided 50 percent interests in Parcel 2.  Winfield died in 1984, but Mary did not file an affidavit of survivorship to transfer the record title of Parcel 1 to her sole ownership.  Mary died in 1999.

[¶4]  George filed separate petitions for ancillary probate of Mary's and Winfield's wills in the probate court and was appointed personal representative of both estates, which we

1

refer to collectively as the "Estate."[1] The only asset of the Estate was the tenancy in common interest in Parcel 1, and George was the only distributee. The Estate published notice of the probate and directed creditors to file claims. No creditor claims were filed.

[¶5]   Because they owned properties adjoining Parcels 1 and 2, Lyman Trust and Childs Trust separately offered to purchase George's and the Estate's (hereinafter collectively referred to as "the Fishers") interests in the parcels. George decided to sell the Fishers' co-tenancy interests to Childs Trust and informed Lyman Trust of his decision. Lyman Trust promptly filed a petition to partition both co-owned parcels, naming the Fishers as respondents.

[¶6]   George filed a confidential petition in the probate court seeking its permission to sell the Estate's interest in Parcel 1 to Childs Trust. The probate court approved the sale, and George executed deeds to Childs Trust for his and the Estate's interests. He then filed, in the probate action, a final report, accounting, and petition to distribute the proceeds of the sale of the Estate's interest in Parcel 1 (hereinafter referred to as "final report"). Lyman Trust objected to the final report and filed a motion to set aside the probate court's order approving the sale, claiming the Estate's co-tenancy interest could not be transferred while the partition action was pending and George violated various provisions of the probate code in administering the Estate.

[¶7]   The Fishers filed a motion to dismiss Lyman Trust's partition action under Wyoming Rule of Civil Procedure (W.R.C.P.) 12(b)(7) because it failed to join Childs Trust as a required party and provided copies of the executed deeds to the district court in support of the motion. The court held a combined hearing on the pending motions in the probate and partition cases. The probate court denied Lyman Trust's objection to George's final report and its motion to set aside the order approving the sale of the Estate's interest in Parcel 1. Lyman Trust appealed the probate court's orders, and we docketed the appeal as Case No. S-22-0105. The district court found Childs Trust was a required party in the partition action and dismissed the action without prejudice. Lyman Trust appealed the district court's dismissal order, and we docketed that appeal as Case No. S-22-0182.

## DISCUSSION

### Dismissal of the Probate Court Appeal – Case No. S-22-0105

---

[1] George administered the estates together. Lyman Trust took the position below that it was unnecessary for George to open Winfield's estate because his interest in the entireties property passed by operation of law to Mary when he died. The parties do not raise any issues regarding Winfield's estate's lack of participation in the appeal, and we are not aware of any arguments or issues that would be addressed differently had Winfield's estate been included. We will, therefore, refer to both estates collectively as the "Estate" throughout this decision.

[¶8]    The Estate moved for dismissal of Lyman Trust's appeal in the probate case, claiming it failed to file a timely notice of appeal from an appealable order.  We dismiss, but on the basis that Lyman Trust never had standing in the probate action.  The existence of standing may be raised at any time and by the court *sua sponte.  Bird v. Lampert,* 2019 WY 56, ¶ 7, 441 P.3d 850, 854 (Wyo. 2019); *In re Adoption of L-MHB,* 2018 WY 140, ¶ 24, 431 P.3d 560, 568 (Wyo. 2018).  It is "a legal issue reviewed de novo." *HB Fam. Ltd. P'ship v. Teton Cnty. Bd. of Cnty. Comm'rs,* 2020 WY 98, ¶ 16, 468 P.3d 1081, 1087 (Wyo. 2020) (citing *N. Laramie Range Found. v. Converse Cnty. Bd. of Cnty. Comm'rs,* 2012 WY 158, ¶ 22, 290 P.3d 1063, 1073 (Wyo. 2012), and *Halliburton Energy Servs., Inc. v. Gunter,* 2007 WY 151, ¶ 10, 167 P.3d 645, 649 (Wyo. 2007)) (other citations omitted).

[¶9]    As stated above, Lyman Trust objected to George's final report in the probate and moved to set aside the order approving the Estate's sale of the co-tenancy interest.  It claimed George violated his personal representative duties by, among other things, keeping the Estate's sale of its co-tenancy interest confidential and agreeing to sell to Childs Trust for an amount less than what Lyman Trust had offered.  Lyman Trust also asserted the order allowing the sale was improper because the Estate could not transfer its co-tenancy interest while the property was subject to partition.  According to Lyman Trust, the partition action created a lis pendens under Wyo. Stat. Ann. § 1-6-106 (LexisNexis 2021), which prohibited a third party from acquiring any interest in the real property while the action was pending.

[¶10]  The determination of who has standing in a probate matter is governed by statute. *In re Est. of Stanford,* 2019 WY 94, ¶¶ 13-15, 448 P.3d 861, 865-66 (Wyo. 2019).  Lyman Trust did not claim to be a distributee of the estate, nor did it file a claim as a creditor of the estate. *See* Wyo. Stat. Ann. § 2-1-301 (a)(xiii) (LexisNexis 2021) ("[d]istributee' means a person entitled to any property of the decedent under his will or under the statutes of intestate succession"); Wyo. Stat. Ann. §§ 2-7-701 to 2-7-119 (LexisNexis 2021) (probate claims process).  Lyman Trust does not identify any other probate statute which would give it an interest in the Estate's administration.

[¶11]  Lyman Trust apparently believed it was allowed to object in the probate action to the sale of the Estate's co-tenancy interest because, by filing the separate partition action, it followed the process we sanctioned in *In re Est. of Rowe,* 2021 WY 87, ¶¶ 13-18, 492 P.3d 888, 893-94 (Wyo. 2021).  After the husband in *Rowe* killed his wife and himself, the wife's estate took possession of some jointly-owned vehicles and petitioned the probate court for permission to sell them. *Id.,* ¶ 3, 492 P.3d at 890.  The wife's estate served the husband's estate with notice of the petition to sell the vehicles, and the husband's estate objected, claiming it owned the vehicles. *Id.,* ¶ 4, 492 P.3d at 890-91.  After allowing the husband's estate to intervene, the probate court ruled the parties owned the vehicles as tenants in common, authorized the sale, and ordered the wife's estate to hold one-half of the sale proceeds for the benefit of the husband's estate. *Id.,* ¶ 5, 492 P.3d at 891.  The husband's estate appealed. *Id.*  Although we held the probate court's order granting the

3

wife's estate permission to sell the vehicles was not appealable, we took the opportunity to point out that, prior to petitioning the probate court for permission to sell the vehicles, a separate action should have been brought to establish ownership. *Id.,* ¶¶ 7-9, 14-18, 492 P.3d at 891-94.

[¶12]   Both the husband's and the wife's estates claimed ownership of the property at issue in *Rowe*. *Id.,* ¶ 13, 492 P.3d at 893. We expressly ruled that disputes over title to property claimed by an estate must be determined in a separate court action. *Id.,* ¶¶ 13-18, 492 P.3d at 893-94. The court was not authorized to make those determinations in the probate. *Id.* The court's ruling in the separate action would determine whether the estate administrator could include that property in further probate proceedings. *See id.* While *Rowe* indicates a party asserting ownership of property claimed by an estate has an interest in a separate action, it does not, in any way, support allowing Lyman Trust to participate in the Fisher probate.

[¶13]   Furthermore, Lyman Trust had no claim to the Estate's interest in the commonly owned property (Parcel 1), and Lyman Trust's co-tenancy interest was not impacted by the sale of the Estate's interest. Tenancy in common property ownership is

> generally defined as the holding of property by several persons by several and distinct titles, with unity of possession only. Stated another way, a tenancy in common is a form of ownership in which each cotenant owns a separate fractional share of undivided property. Each cotenant's title is held independently of the other cotenants.
>
> *Halling v. Yovanovich*, 2017 WY 28, ¶ 15, 391 P.3d 611, 617 (Wyo. 2017) (quoting 86 C.J.S. *Tenancy in Common* § 1 (February 2017 update)).

*CIBC Nat'l Trust Co. v. Dominick,* 2022 WY 60, ¶ 20, 509 P.3d 908, 912 (Wyo. 2022). "'Tenants in common may each unilaterally alienate their shares through sale or gift or place encumbrances upon these shares.'" *Halling,* ¶ 15, 391 P.3d at 617 (quoting *United States v. Craft*, 535 U.S. 274, 280, 122 S.Ct. 1414, 1421, 152 L.Ed.2d 437 (2002)). In other words, "[a] single tenant in common may deal with his separate interest freely through a . . . conveyance without the consent of the rest of the cotenants . . . ." 2 Tiffany Real Prop. § 427 (3d. ed. 2022 update). Under these well-established rules of co-tenancy, George could petition the probate court for permission to transfer the Estate's interest in the commonly owned property without Lyman Trust's consent.

[¶14]   Lyman Trust occupied a position akin to the State of Wyoming in *Stanford*. In *Stanford,* the plaintiff filed a civil rights suit against the City of Cheyenne and several law enforcement officers, including Mr. Stanford. *Stanford,* ¶¶ 3-4, 448 P.3d at 862-63.

4

Because Mr. Stanford was deceased, the plaintiff filed a petition to open Mr. Stanford's estate and appoint an administrator. *Id.* Mr. Stanford's "right to indemnification from the State Self Insurance Account and his right to possible coverage under a state-procured professional liability policy [were listed] as assets of the estate." *Id., ¶* 4, 448 P.3d at 863. The State of Wyoming objected to the appointment of the estate administrator. *Id.*, ¶ 5, 448 P.3d at 863. It claimed to be affected by the appointment because it would potentially incur obligations to defend the estate in the civil rights action. *Id.*

[¶15] We held the State did not have standing under the plain terms of the probate code to contest the administrator's appointment. *Id., ¶* 15, 448 P.3d at 866. While we acknowledged the State was "no doubt tangibly interested in avoiding the need to defend" the estate, that interest was in the separate civil action, not the estate. *Id.* The State did not "fit within the statutorily-defined interest required to contest the appointment of an administrator." *Id. See also, Halliburton, ¶* 14, 167 P.3d at 650 ("[a] wrongful death action defendant does not have standing to challenge the appointment of the estate's personal representative . . . ."); *Russell v. Sullivan,* 2012 WY 20, ¶¶ 15-22, 270 P.3d 677, 680-83 (Wyo. 2012) (the deceased's neighbors did not have standing under Wyo. Stat. Ann. § 2-6-301 (LexisNexis 2011) to contest the deceased's will previously admitted to probate). Similarly, Lyman Trust's concern is with the separate partition action, not the probate. Because Lyman Trust did not have standing in the Fisher probate, we dismiss its appeal in Case No. S-22-0105.

## Partition Action - Case No. S-22-0182

[¶16] Lyman Trust filed a petition for partition of the properties it owned in common with the Fishers. Wyo. Stat. Ann. §§ 1-32-101 to 1-32-122 (LexisNexis 2021) govern partition actions. Section 1-32-101 allows a tenant in common "of any estate of lands . . . within the state" to compel "a partition." To initiate a partition, a co-tenant files "his petition in the district court . . . naming each tenant in common . . . as defendant." Section 1-32-103. *See also, Field v. Leiter,* 16 Wyo. 1, 90 P. 378, 386 (1907) ("'the rule seems to be invariable that courts will not proceed to a partition in the absence of any of the co-tenants'" (quoting Freeman on Co–Tenancy & Partition (2d Ed.) 463)). For the purposes of partition of property subject to probate administration, "the possession of the personal representative is the possession of the distributees." Wyo. Stat. Ann. § 2-7-103 (LexisNexis 2021). *See also, Field,* 90 P. at 389 ("The statute expressly provides that for the purpose of bringing suit for partition the possession of an executor or administrator is the possession of the heirs or devisees." (citing Rev. St. 1899, § 4693; 1 Abb. Prob. Law, § 430)). Under these statutes, Lyman Trust correctly named the Fishers as the defendants/respondents in the partition action because they were the co-tenants of record when it filed the action.

*Lis Pendens*

5

[¶17] Lyman Trust argues lis pendens prohibited the Fishers from transferring their co-tenancy interests while the partition action was pending. In general, a lis pendens is "a notice . . . warn[ing] all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome." *Lis Pendens, Black's Law Dictionary* (11th ed. 2019). *See also, Lund v. Lund,* 2022 WY 2, ¶ 30, 501 P.3d 1222, 1228 (Wyo. 2022) (a lis pendens "is notice of litigation"); *Wyo. Bank & Trust v. Haught,* 2003 WY 111, ¶ 13, 76 P.3d 301, 307 (Wyo. 2003) (the purpose of lis pendens is to give notice of pending litigation affecting property rights).

[¶18] Wyo. Stat. Ann. §§ 1-6-106 through 1-6-109 (LexisNexis 2021) govern lis pendens in Wyoming. Whether Lyman Trust is correct in its assertion that lis pendens prohibited the Fishers from transferring their interests in the property is determined by interpreting and applying the language in these statutes. We interpret statutes de novo, as a matter of law. *Williams v. Sundstrom,* 2016 WY 122, ¶ 19, 385 P.3d 789, 794 (Wyo. 2016) (citing *Clark v. State ex rel. Dep't of Workforce Servs.,* 2016 WY 89, ¶ 10, 378 P.3d 310, 313 (Wyo. 2016), and *DB v. State (In re CRA),* 2016 WY 24, ¶ 15, 368 P.3d 294, 297 (Wyo. 2016)). "'When interpreting a statute and its application, we first look at the plain language used by the legislature. If the [statutory language] is sufficiently clear and unambiguous, the Court simply applies the words according to their ordinary and obvious meaning.'" *Ailport v. Ailport,* 2022 WY 43, ¶ 22, 507 P.3d 427, 437 (Wyo. 2022) (quoting *In re CRA,* ¶ 16, 368 P.3d at 298) (other citations omitted).

[¶19] Lyman Trust claims § 1-6-106 prohibited the Fishers from selling their co-tenancy interests to Childs Trust while the partition action was pending. That provision states:

> When a summons has been served or publication made, the action [regarding title to real property] is pending so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's title.

*Id*. Under the plain language of § 1-6-106, a third party may not acquire an interest "as against the plaintiff's title" to property which is subject to pending litigation. As we explained above, the Fishers' sale of their interests in the commonly owned property affected only their titles. Their co-tenancy interests were freely alienable without consultation with, or consent from, the co-tenant – Lyman Trust. Lyman Trust held the exact same co-tenant interest in the property before and after the Fishers transferred their interests to Childs Trust. The transfer had no effect on Lyman Trust's interest whatsoever. Because the sale did not affect Lyman Trust's (i.e., plaintiff's) title, the lis pendens statute did not impede the Fishers-Childs Trust transaction.

[¶20] Although Lyman Trust argues otherwise, *Olson v. Leith,* 71 Wyo. 316, 257 P.2d 342 (Wyo. 1953), confirms our reading of the lis pendens statute. *Olson* involved an

6

attempt to foreclose a claimed mortgage on property while it was subject to the plaintiffs' pending quiet title action. *Id.* at 343-44. We held "an action to quiet title operates as lis pendens to prevent the acquisition of [an] adverse interest against the plaintiffs." *Id.* Our decision indicated the foreclosure in *Olson* was likely improper under the lis pendens statute because, unlike the partition action in this case, the foreclosure would have adversely impacted the plaintiffs' interest in the property. *Id.*

[¶21] *Hackett v. Linch,* 56 Wyo. 28, 103 P.2d 164, 164-65 (1940), also supports our decision that the partition action did not establish a lis pendens preventing the sale of the Fishers' interests in the property. After Ms. Hackett filed a partition action against several defendants with interests in co-owned real property, "some of the parties affected thereby . . . transferred their interests . . . to other persons." *Id.* at 164. The *Hackett* decision gave no indication it was improper for the parties to have transferred their interests while the partition action was pending. *Id.* We simply stated "[s]uch transferees would under well-known principles of law . . . be bound by what had already been done in the action and were as well obligated to take notice of further steps taken in the cause under the same rules as would govern the original litigants." *Id. See also, Seibel v. Bath,* 5 Wyo. 409, 40 P. 756, 760-61 (Wyo. 1895) (demonstrating the language of § 1-6-106 has remained substantially the same since it was adopted in 1886, "[t]he statute of this state (Rev. St. § 2442), which is a part of the Code of Civil Procedure, provides that 'when the summons has been served, or publication made, the action is pending, so as to charge third persons with notice of its pendency; and while pending no interest can be acquired by third persons in the subject matter thereof, as against the plaintiff's title.'"). Similarly, the Fishers were not prohibited by § 1-6-106 from transferring their co-tenancy interests to Childs Trust.

### *Dismissal of Partition Action for Lack of a Required Party*

[¶22] The district court dismissed Lyman Trust's partition action under W.R.C.P. 12(b)(7) because, after the sale, Lyman Trust failed to join Childs Trust as a party or substitute it for the Fishers under W.R.C.P. 19. Rule 12(b)(7) authorizes dismissal of an action for failure to join a party under Rule 19 only under limited circumstances. To dismiss a case pursuant to Rule 12(b)(7), the court must find the absent party is a "required party" under Rule 19, joinder of the absent party is not feasible, and dismissal is appropriate. *BTU W. Res., Inc. v. Berenergy Corp.,* 300 F.R.D. 572, 573 (D. Wyo. 2014) (citing Federal Rule of Civil Procedure (Fed.R.Civ.P.) 19 and *Davis ex rel. Davis v. United States,* 343 F.3d 1282, 1288-1289 (10th Cir. 2003)).[2] The proponent of a 12(b)(7) motion to dismiss must produce evidence showing the nature of the absent party's interest and that protection of the interest will be impaired by the party's absence. *Citizen Band Potawatomi Indian Tribe v. Collier,* 17 F.3d 1292, 1293 (10th Cir. 1994) (citing *Ilan–Gat Eng'rs, Ltd. v. Antigua Int'l Bank,*

---

[2] We consider authority interpreting and applying Fed.R.Civ.P. 12(b)(7) and 19 because the relevant parts of W.R.C.P. 12(b)(7) and 19 are identical to the federal rules. *Roberts v. Roberts,* 2023 WY 8, ¶ 8 n.3, 523 P.3d 894, 897 n.3 (Wyo. 2023) (a federal court's interpretation of its rule is "highly persuasive where the rule is analogous to . . . [the] Wyoming rule[]" (citing *Cook v. State*, 7 P.3d 53, 58 (Wyo. 2000))).

659 F.2d 234, 242 (D.C. Cir. 1981)).  In conducting a Rule 12(b)(7) analysis, the court "must accept all factual allegations in the complaint as true and draw inferences in favor of the non-moving party," but it is not limited to review of the pleadings.  5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1359 (3d. ed. updated 2022) (footnotes omitted).  "The proponent's burden can be satisfied [through] 'relevant extra-pleading evidence.'"  *Id.* at 1293 (quoting *Martin v. Local 147, Int'l Bro. of Painters,* 775 F.Supp. 235, 236 (N.D. Ill. 1991)) (other citation omitted).  *See also, Swartz v. Beach,* 229 F.Supp.2d 1239, 1250-51 (D. Wyo. 2002) ("The movant can satisfy this burden [under Fed.R.Civ.P. 12(b)(7)] by providing the district court with extra-pleading evidence, such as affidavits of persons having knowledge of the absent parties' interests.").

[¶23]  A district court's Rule 12(b)(7) dismissal and its Rule 19 joinder decision are generally reviewed for abuse of discretion.  *Citizen Band Potawatomi Indian Tribe,* 17 F.3d at 1293 (citing *Navajo Tribe of Indians v. New Mexico,* 809 F.2d 1455, 1471 (10th Cir. 1987)) (Rule 12(b)(7) standard of review); *Prancing Antelope I, LLC v. Saratoga Inn Overlook Homeowners Ass'n, Inc.,* 2021 WY 3, ¶ 48, 478 P.3d 1171, 1183 (Wyo. 2021) (Rule 19 standard of review).

> "[T]he core of our inquiry must reach the question of reasonableness of the choice made by the trial court.  Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.  We must ask ourselves whether the district court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious."

*Grove v. Pfister,* 2005 WY 51, ¶ 4, 110 P.3d 275, 277 (Wyo. 2005) (quoting *Woods v. Wells Fargo Bank Wyo.*, 2004 WY 61, ¶ 20, 90 P.3d 724, 731 (Wyo. 2004)) (internal citations and quotation marks omitted).  However, the interpretation of procedural rules is a question of law for the court, subject to de novo review.  *Vahai v. Gertsch,* 2020 WY 7, ¶ 25, 455 P.3d 1218, 1226 (Wyo. 2020) (citing *Busch v. Horton Automatics, Inc.*, 2008 WY 140, ¶ 13, 196 P.3d 787, 790 (Wyo. 2008), and *Bixler v. Oro Mgmt., LLC,* 2006 WY 140, ¶ 5, 145 P.3d 1260, 1262 (Wyo. 2006)).

[¶24]  Rule 19 provides in relevant part:

(a) *Persons Required to Be Joined if Feasible*.

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff. . . .

(b) *When Joinder Is Not Feasible*. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;

(B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

[¶25] We explained in *Prancing Antelope,* ¶ 50, 478 P.3d at 1184:

> "A Rule 19 joinder analysis has three steps. First, the court must determine under Rule 19(a) whether the absent person *should* be joined." 1 Steven S. Gensler & Lumen N. Mulligan, Federal Rules of Civil Procedure, Rules and Commentary Rule 19 (2020). "Second, the court must assess whether that person *can* be joined. Third, if the person cannot be joined, Rule 19(b) guides the court on whether to continue without that person or dismiss the case in its entirety." *Id.*

[¶26] Lyman Trust maintains the district court failed to conduct a proper Rule 19(a) analysis and did not render a decision on whether Childs Trust is a required party that should or could be joined in the partition action. We read the court's decision differently. The court recited the standards for dismissal under Rule 12(b)(7) and determining joinder under Rule 19(a). It then found that, at the time Lyman Trust filed its partition petition, it correctly named the Fishers as respondents because they held record title to the other co-tenancy shares.[3] The court concluded, however, that, after the Fishers conveyed their interests, Childs Trust "*can and should* be joined." (Emphasis in original). Lyman Trust does not provide any analysis under Rule 19(a) as to why the district court's conclusions were incorrect. We, therefore, accept that the requirements of Rule 19(a) were satisfied – Childs Trust is a required party that should and could be joined.

[¶27] Under Rule 19(a)(2), "[i]f a person has not been joined as required, the court must order that the person be made a party." "[T]he nonjoinder of someone described in Rule 19(a) does not result in a dismissal if that person can be made a party to the action. If joinder is feasible, the court must order it; the court has no discretion at this point because of the mandatory language of the rule." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1611 (3d ed. updated 2022) (footnotes omitted). *See also, Delgado-Caraballo v. Hosp. Pavia Hato Rey, Inc.,* 889 F.3d 30, 37 (1st Cir. 2018) (citing Wright, Miller, and Kane, *supra*). The district court was, therefore, obligated to join Childs Trust as a party.

[¶28] The district court incorrectly relied on Rule 19(b) to dismiss Lyman Trust's partition action. Rule 19(b) is applied to determine whether to "'continue [the case] without [the

---

[3] The Fishers briefly argue Childs Trust was a required party at the time Lyman Trust filed its partition action because Childs Trust obtained an equitable interest in the property when it entered into the sales contract with the Fishers. Because the Fishers do not contest the district court's ruling that Lyman Trust properly filed suit against them or explain how a determination of when the Childs Trust became a required party affects our decision, we will not address it.

party] or dismiss [it] in its entirety'" only when the absent party *cannot* be joined. *Prancing Antelope,* ¶ 50, 478 P.3d at 1184 (quoting 1 Steven S. Gensler & Lumen N. Mulligan, Federal Rules of Civil Procedure, Rules and Commentary Rule 19 (2020)). *See also, Delgado-Caraballo,* 889 F.3d at 37 (dismissal is not appropriate if the missing party can be joined). The court erred by dismissing the partition action pursuant to Rule 19(b) for Lyman Trust's failure to join Childs Trust rather than ordering joinder as required by Rule 19(a)(2).

### W.R.C.P. 25(c)

[¶29] Lyman Trust insists it was entitled, under W.R.C.P. 25(c), to proceed solely against the Fishers regardless of whether Childs Trust was a required party under Rule 19. Rule 25(c) states: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." We agree that, given the sale to Childs Trust was completed during the course of the partition proceedings, the original parties could continue to litigate the action. *See Erb v. Erb,* 573 P.2d 849, 850-51 (Wyo. 1978) (when an interest subject to litigation is transferred during the proceedings, the action may continue between the original parties without any effect on "the respective substantive rights of the transferor or transferee pendente lite").

[¶30] However, the Fishers' Rule 12(b)(7) motion to dismiss raised the issue of whether joinder of Childs Trust was appropriate, and the district court dismissed under Rule 19. While the district court had discretion in determining whether joinder under Rule 19 was appropriate, once it decided Childs Trust should and could be joined, it was required by Rule 19(a)(2) to order the joinder. Citing *Erb,* Lyman Trust argues Rule 25(c), rather than Rule 19, "controls" when there is a transfer of an interest while an action is pending. *Erb* is inapposite because it addressed Rule 25(c) without any mention whatsoever of Rule 19. Lyman Trust provides no authority for its argument that Rule 25(c) permits the plaintiff to unilaterally decide on whether joinder of the transferee of an interest is appropriate. *See Hodson v. Sturgeon,* 2017 WY 150, ¶ 6, 406 P.3d 1264, 1265 (Wyo. 2017) (disregarding an argument unsupported by cogent argument or citation to pertinent authority (citing *Basolo v. Gose*, 994 P.2d 968, 970 (Wyo. 2000))) (other citations omitted). In fact, Lyman Trust's argument ignores the plain language of Rule 25(c) which expressly recognizes that, depending upon the circumstances, the district court may allow the action to continue between the original parties or proceed with new parties through joinder or substitution.[4]

### The Fishers' Alternative Arguments for Affirmance of the District Court's Dismissal of the Partition Action

---

[4] The question of whether Childs Trust should be substituted for the Fishers is not before us.

11

[¶31]   The Fishers set out two additional arguments they claim justify our affirmance of the district court's dismissal of the partition action regardless of whether its Rule 19 ruling was correct or not.  First, they maintain that any error in dismissing the action was harmless because the dismissal was without prejudice and, regardless of whether we affirm the dismissal or reverse and remand, Childs Trust will have to be joined in future proceedings.

[¶32]   Wyoming Rule of Appellate Procedure (W.R.A.P.) 9.04 directs us to disregard any "error, defect, irregularity or variance which does not affect substantial rights[.]"  However, the Fishers cite no authority supporting their argument which essentially would establish a rule that, as long as a cause of action can be refiled, any dismissal without prejudice is harmless.  We may disregard arguments unsupported by cogent argument or citation to pertinent authority.  *Hodson,* ¶ 6, 406 P.3d at 1265 (citing *Basolo*, 994 P.2d at 970).  Moreover, we are not convinced the dismissal in this case was harmless.  At a minimum, Lyman Trust will incur attorney and filing fees and costs which would not be necessary if Childs Trust had simply been joined in the present suit when the Fishers presented their motion to dismiss.  Under these circumstances, the district court's error in applying Rules 12(b)(7) and 19 was not harmless.

[¶33]   Second, the Fishers argue dismissal of Lyman Trust's partition action against the Estate was appropriate because the action was statutorily barred for failing to file a creditor's claim in the probate.  *See* § 2-7-703 (any creditor's claim not timely filed is "barred forever"); § 2-7-706 ("Where a cause of action against the decedent survives his death under W.S. 1-4-101 and 1-4-102, before an action may be brought thereon in any court, a claim based thereon shall be filed and shall have been rejected by the personal representative."); § 2-7-717 (with certain exceptions, "[n]o holder of any claim against an estate shall maintain any action thereon unless the claim is first rejected in whole or in part by the personal representative and the rejection filed with the clerk").  We disagree; Lyman Trust was not required to file a creditor's claim to obtain partition of its own property interest from the Estate's co-interest.

[¶34]   *In re Blaney's Est.,* 607 P.2d 354 (Wyo. 1980), addressed a similar argument.  The plaintiff filed a replevin action against the decedent's estate to reclaim guns the plaintiff asserted were his.  *Id.* at 355.  The trial court determined the plaintiff's action was barred because he failed to file a timely creditor's claim in the probate.  *Id.* at 356.  We reversed because "'[t]o constitute a claim against the estate of a deceased person, an obligation must consist of a debt incurred by or for the decedent during his lifetime or such a debt as the administrator is authorized by statute to pay out of the decedent's estate.'"  *Id.* at 358 (quoting 3 Bancroft's Probate Practice, 2d ed. § 772, p. 512 (1950)).  When a party is "'merely claiming his own property[,] [t]he failure to present such claim [in probate is] no defense to [the] action.'"  *Id.* (quoting *Atlas Realty Co. v. Rowray,* 51 Wyo. 318, 335, 65 P.2d 1122, 1127 (1937)).  *See also, Tschirgi v. Meyer,* 536 P.2d 558, 565 (Wyo. 1975) ("There are some types of litigation against a decedent's estate in which it is not necessary to file a claim before proceeding[,]" including "an action in ejectment" or "an action for

specific performance[.]" (citing *Atlas Realty Co.*, 65 P.2d 1122, and *Hawkey v. Williams,* 72 Wyo. 20, 261 P.2d 48 (1953))); *Maxwell v. Yuncker*, 419 So.2d 580, 582-84 (Miss. 1982) (action to partition property not subject to probate claims procedure).

[¶35] Likewise, a partition order is not a debt of the estate; it merely "'establishes the tenant's exclusive right of ownership in the part of the property set off to him.'" *Platt v. Platt,* 2011 WY 155, ¶ 19, 264 P.3d 804, 810 (Wyo. 2011) (quoting *McCarthy v. Lippitt,* 781 N.E.2d 1023, 1029 (Ohio Ct. App. 2002)). *See also, Sheedy v. Willoughby,* 142 P.2d 801, 805 (Kan. 1943) (Co-tenants in a partition action were not "asserting [a] claim upon any assets of the estate. On the contrary they would be seeking to have their property interests segregated from those of the estate."). Lyman Trust was not required to submit a creditor's claim to the Estate for partition of the co-owned property. The lack of a probate claim does not, therefore, provide an alternative basis to affirm the district court's dismissal of Lyman Trust's partition action.

## CONCLUSION

[¶36] Lyman Trust did not have standing in the probate action to complain about the district court's approval of the sale of the Estate's co-tenancy interest in Parcel 1 to Childs Trust. Consequently, we dismiss Lyman Trust's appeal in the probate case, Case No. S-22-0105.

[¶37] The district court erred by dismissing Lyman Trust's partition action without prejudice for failure to join Childs Trust as a required party. Under Rule 19, after the court found Childs Trust should and could be joined as a party, it was obligated to order the joinder, and, under these circumstances, the dismissal was not harmless. Lyman Trust was not required to file a claim with the Estate prior to filing its partition action because it was seeking partition of its own co-tenancy interest from the Estate's interest. In Case No. S-22-0182, we reverse the order dismissing Lyman Trust's partition action and remand to the district court for proceedings consistent with this decision.